**In re David A. CRABTREE, Debtor.**

**Bankruptcy No. 3–83–01116.**

United States Bankruptcy Court,
E.D. Tennessee.

Sept. 13, 1983.

Kizer & Black, David T. Black, Knoxville, Tenn., for Hugh Rule.

Wilson S. Ritchie, P.C., Wilson S. Ritchie, Stephen R. Wise, Knoxville, Tenn., for debtor.

Robertson, Williams, Ingram, Faulkner & Overbey, J. Douglas Overbey, Morton, Lewis, King & Krieg, Mary Farmer, Knoxville, Tenn., for FDIC.

MEMORANDUM ON JOINDER PETITION OF HUGH RULE D/B/A RULE CONSTRUCTION COMPANY

CLIVE W. BARE, Bankruptcy Judge.

The question before the court pertains to the joinder petition of Hugh Rule, d/b/a

Rule Construction Company, in the original involuntary petition filed against the debtor. 11 U.S.C.A. § 303(c) (1979). The debtor denies that the intervening petitioner holds an unsecured claim. Further, the debtor contends that the court should have granted a motion, filed by the intervening petitioner on the date of trial, requesting either deferral of any action on the intervening petition or dismissal without prejudice.

## I

An involuntary case against the debtor was commenced on July 14, 1983, by three petitioning creditors (First Tennessee Bank of Knoxville, First Peoples Bank of Washington County, and the Federal Deposit Insurance Corporation). On August 5, 1983, Hugh Rule d/b/a Rule Construction Company (Rule) filed a petition requesting joinder in the original involuntary petition. In his petition, Rule asserts that he holds a noncontingent, unsecured claim of at least $5,000.00 against the debtor. On August 22, 1983, after trial of the claims of the original petitioning creditors, an order for relief under chapter 7 was entered. A notice of appeal was immediately filed on behalf of the debtor.

Testimony pertaining to Rule's claim was not proffered at the August 22nd trial. Instead, at the request of the debtor, trial of the intervening petition was postponed until August 31, 1983. On that date, Rule filed a motion requesting the court to either (1) defer any hearing on his intervening petition pending the outcome of the debtor's appeal of the entry of the order for relief, or (2) permit him to withdraw his petition without prejudice. Rule's motion was denied; trial of the intervening petition proceeded.

A construction contract, dated December 2, 1981, between Rule and Clinton Proper-

ties Ltd., a limited partnership in which the debtor is a general partner, was received as evidence at trial.[1] This contract, signed by the debtor on behalf of Clinton Properties, provides for the construction of a bank facility at a total cost of $4,469,832.00. Rule's project manager, Glen Edward Morris, testified that a mechanics' and materialmen's lien in the amount of $1,156,388.88 had been filed against the project property on May 27, 1983. Morris further testified that Rule is contractually entitled to interest at the prevailing legal rate on due and unpaid payments; that the sum of $1,156,388.88 is due and unpaid, but no portion thereof represents interest; and that the interest accrued through August 31, 1983, on Rule's claim is $30,414.72.[2]

## II

Bankruptcy Code § 303(c) enacts:

(c) After the filing of a petition under this section but before the case is dismissed or relief is ordered, a creditor holding an *unsecured* claim that is not contingent, other than a creditor filing under subsection (b) of this section, may join in the petition with the same effect as if such joining creditor were a petitioning creditor under subsection (b) of this section. (Emphasis added.)

11 U.S.C.A. § 303(c) (1979).

The debtor and Rule implicitly agree that the $1,156,388.88 lien claim is fully secured.[3] Also, the debtor concedes that interest is not includable in the lien claim. However, the debtor denies that Rule is entitled to interest payments under the terms of his construction contract with Clinton Properties. According to the debtor the payment term pertaining to interest is ambiguous. The term recites:

14.3 Payments due and unpaid under the Contract Documents shall bear interest from the date payment is due at the

---

1. See Exhibit 1.

2. See Exhibit 2.

3. Although the project site is subject to a deed of trust held by First Tennessee Bank, Morris testified that visible commencement of con-

struction preceded recordation of the deed of trust and that the value of the property exceeds Rule's lien claim of $1,156,388.88. See Tenn. Code Ann. § 66–11–104 (1982) (Time of attachment of lien).

rate entered below, or in the absence thereof, at the legal rate prevailing at the place of the Project.

(Here insert any rate of interest agreed upon.)

None.

Debtor contends that this term should be interpreted to mean that no interest is payable on past due payments.

■ The court must disagree. The contract provides: "Payments due and unpaid ... shall bear interest...." If the parties did not intend[4] for interest to be payable they easily could have deleted section 14.3 of their agreement, as they did a portion of another section of the agreement.[5] Pursuant to the explicit terms of their agreement, the entry of "None" merely reflects an agreement that any interest due shall accrue at the prevailing *legal* rate.

Accordingly, Rule is entitled to interest under the terms of this agreement with Clinton Properties. Further, since the debtor is a general partner of Clinton Properties, he is liable for the payment of Rule's claim. Tenn.Code Ann. § 61–2–109 (1980); Tenn.Code Ann. § 61–1–114 (1980).

### III

The debtor also contends that the court should have granted Rule's motion to either defer action on the intervening petition or permit withdrawal, without prejudice, of the intervening petition. Bankruptcy Code § 303(j) enacts:

Only after notice to all creditors and a hearing may the court dismiss a petition filed under this section—

(1) on the motion of a petitioner;

(2) on consent of all petitioners and the debtors; or

(3) for want of prosecution.

11 U.S.C.A. § 303(j) (1979).

Notice of Rule's motion to either hold his petition in abeyance or dismiss was not given to creditors. Indeed, Rule could not possibly have given such notice since the debtor has not identified his creditors.

The debtor, however, citing the definition of "petition," argues that the petition referred to in Code § 303(j) may only be an original petition commencing a § 303 case.[6] The court declines to adopt such a limited interpretation. Rule's intervening petition is a petition filed under Code § 303(c).

■ In summary, Rule holds a noncontingent, unsecured claim against the debtor and is a proper intervening petitioner under Code § 303(c). Further, Rule's motion to either defer action on or dismiss his intervening petition was properly denied.

This Memorandum constitutes findings of fact and conclusions of law required by Bankruptcy Rule 7052.

---

**4.** Notably, the debtor did not appear and testify about his understanding with respect to the interest payment term, if, in fact, his understanding was different.

**5.** See section 7.2 of Exhibit 1.

**6.** "Petition" means petition filed under section 301, 302, 303, or 304 of this title, as the case may be, commencing a case under this title. 11 U.S.C.A. § 101(31) (1979).