**In re H. Thomas STROOP, Marianne M. Stroop, Alleged Debtors.**

**Bankruptcy Nos. 84 B 02735 M, 84 B 02736 M.**

United States District Court, D. Colorado.

July 19, 1985.

Glen E. Keller, Jr., Denver, Colo., for alleged debtors.

William A. Ahlstrand, Boulder, Colo., for petitioning creditors.

## ORDER DISMISSING INVOLUNTARY PETITIONS

JOHN F. McGRATH, Bankruptcy Judge.

On June 6, 1984, Petitioner, First National Bank in Boulder, filed Involuntary Petitions under Chapter 7, in Case Number 84 B 02736 M, against Marianne Stroop, and in Case Number 84 B 02735 J, against her husband, H. Thomas Stroop. A hearing was held on November 13, 1984, and by order dated March 18, 1985, 47 B.R. 986, this Court concluded that the amendments to 11 U.S.C. § 303 made by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (Public Law 98–353) were applicable to this case. An evidentiary hearing was held on June 21, 1985, to enable this Court to determine whether the claim of the Petitioner is subject to a bona fide dispute, and, if not, to determine whether an order for relief should enter in this case.

11 U.S.C. § 303(b)(1) provides that a creditor may commence an involuntary bankruptcy case against a person as long as the claim held by the creditor is not the subject of a bona fide dispute. The Code nowhere defines the term "bona fide dispute." The construction of this term is a matter of first impression in this District, and this Court has been unable to locate any decisions rendered to date interpreting this amendment.

Prior to the enactment of the 1984 Amendments, courts had split over whether a creditor whose claim was disputed could be a petitioning creditor. The courts generally concurred that the existence of a bona fide dispute would not prohibit the creditor from placing the alleged debtor in involuntary bankruptcy. See *In re Covey*, 650 F.2d 877 (7th Cir.1981); *In re All Media Properties, Inc.*, 5 B.R. 126 (Bankr. Tex.1980), aff'd 646 F.2d 193 (5th Cir.1981). They differed on whether disputed claims should be considered in determining whether the alleged debtor was generally paying his debts as they became due. *Covey, supra; All Media, supra; In re Tarletz*, 27 B.R. 787 (Bankr.Colo.1983); *In re B.D. International Discount Corp.*, 701 F.2d 1071, 1076 (2nd Cir.1983). Several courts defined certain standards to use in determining whether a disputed claim should be considered by the court, but did not define when a dispute would be considered bona fide. See, e.g., *Covey, supra; Tarletz, supra.*

■ This Court has concluded that an appropriate standard in determining whether a claim is subject to a bona fide dispute for purposes of 11 U.S.C. § 303(b)(1) is that applicable on motions for summary judgment. If the defense of the alleged debtor to the claim of the petitioning creditor raises material issues of fact or law so that a summary judgment could not be rendered as a matter of law in favor of the creditor on a trial of the claim, the claim is subject to a bona fide dispute.

In this case, the petitioning creditor was a 10 per cent participant in a $555,000 loan to the Castle Corporation, with the Small Business Administration (SBA) guaranteeing the remaining 90 per cent. The alleged debtors were 80 per cent shareholders of the Castle Corporation and personally guaranteed the loan. The corporation defaulted on the loan, and the petitioning creditor assigned its interest in the loan to the SBA, collecting its 90 per cent guarantee. The alleged debtors contend that agents of the SBA promised them that, if they surrendered all assets of the corporation to the SBA for liquidation and closed the corporation, the SBA would not pursue their individual guarantees. In reliance on this representation, they allege, they stopped further reorganization efforts, surrendered the corporation's assets, and closed the corporation. The petitioning creditor disputes these allegations.

Upon liquidation of the assets, the SBA reassigned the note to the petitioning creditor, who brought suit on the guarantees in state court. The creditor then filed the involuntary petitions in bankruptcy against the alleged debtors, at least partially due to alleged preferential and/or fraudulent transfers it contends the alleged debtors made. The alleged debtors have defended on the basis that the claim of the petitioning creditor is subject to a bona fide dispute. They argue that the petitioning creditor, as the assignee of the SBA, is estopped from pursuing the guarantees due to the promises made by agents of the SBA. The petitioning creditor claims that there is no bona fide dispute, since the agents of the SBA had no authority to make the promises allegedly made. It further claims that the SBA, as a government agency, cannot be estopped and that, therefore, as the assignee of the SBA, it cannot be estopped.

The alleged debtors have not controverted the statements by the petitioning creditor that the agents of the SBA acted without authority if they made the promises the alleged debtors claim were made. Therefore, the court will accept this as true. As with a motion for summary judgment, the Court will construe the remaining evidence in a light most favorable to the alleged debtors. Therefore, the Court assumes that the promises were, in fact, made and that the alleged debtors relied on them to their detriment. Therefore, the remaining issue is whether the SBA, and, consequently, the petitioning creditor, can be estopped by virtue of representations made by its agents which went beyond their authority.

The starting point for an analysis of the issue of government estoppel is *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947). There, the Supreme Court held that the government could not be estopped to pay insurance claims arising from misrepresentations made by agents of the Federal Crop Insurance Corp. with regard to the extent of coverage of federal crop insurance.

Since this decision, the courts have retreated from the apparently absolute stance created in *Merrill* that the federal government can never be estopped. In *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984), the court recognized the general rule that the government may not be estopped on the same terms as any other litigant. The court expressly left open the issue as to whether the government can ever be estopped. In that case, the court rejected the estoppel claim, finding that the traditional elements of estoppel had not been satisfied. In *Moser v. United States*, 341 U.S. 41, 71 S.Ct. 553, 95 L.Ed. 729 (1951), the court found that the United States could not re-

ject a citizenship application from a Swiss citizen who had previously been exempted from selective service, even though statutes denied him citizenship, because agents of the government had promised him that he would not be waiving his right to apply for citizenship by seeking the exemption. Although this decision was not couched in terms of estoppel, its practical effect is to estop the government on these facts.

Lower courts have recognized this trend away from absolute rejection of government estoppel. In the *U.S. v. Wharton,* 514 F.2d 406 (9th Cir.1975), the government was estopped from seeking ejectment of landholders who were wrongfully informed that they could not obtain title to the property in question. In *U.S. v. Lazy FC Ranch,* 481 F.2d 985 (9th Cir.1973), the Department of Agriculture was estopped from seeking to recover funds wrongfully paid to the defendant where the defendant sought the funds on the erroneous advice of an agent of the government. And, in *Portmann v. U.S.,* 674 F.2d 1155 (7th Cir. 1982), summary judgment for the government on the basis of lack of estoppel was reversed and remanded, the court noting that the Supreme Court has backed away from the absolute stance of *Merrill.* The court also rejected the sovereign/proprietary distinction created by some courts, which had held that the government could be estopped in proprietary functions but not in sovereign functions, finding that the decisions rendered by the various courts are inconsistent with such a distinction.

The Tenth Circuit has also recognized the possibility of the application of the doctrine of equitable estoppel in appropriate cases. In *Massaglia v. Commissioner of Internal Revenue,* 286 F.2d 258 (10th Cir.1961), the court recognized the possibility of estopping the government where it is dealing "dishonorably or capriciously with its citizens." Id. at 262. Likewise, in *City and County of Denver v. Bergland,* 695 F.2d 465 (10th Cir.1982), the court again recognized the possibility that estoppel could apply to government agencies. In each case, the court found that estoppel had not been

proved, but it did recognize the possibility of its applicability, given appropriate facts.

In this case, this Court cannot find that, as a matter of law, the SBA would not be estopped from seeking recovery on the guarantees. The recent trends indicate that a trial court may find estoppel against the government, given appropriate circumstances. Assuming the facts most favorable to the alleged debtors, the alleged debtors have established some evidence of grounds for estoppel. There is some evidence of a misrepresentation of fact which was relied on by the alleged debtors to their detriment, and this evidence is sufficient to defeat a motion for summary judgment. Whether these facts, if proved, are sufficient to work an estoppel against the government is to be determined by the trier of fact and is not to be resolved by this Court. The role of this Court is only to determine whether the claim of the petitioning creditor is subject to a bona fide dispute. On the facts alleged, using as a standard of review that applicable to a motion for summary judgment, the Court finds that the claim of First National Bank in Boulder is subject to a bona fide dispute. Therefore, the First National Bank in Boulder cannot be a petitioning creditor in these cases and the involuntary petitions must be dismissed. It is, consequently, unnecessary for this Court to reach the other issues raised by the pleadings.

WHEREFORE, IT IS ORDERED that these involuntary cases be and the same are hereby dismissed.