In re Donovan F. LUEKING, d/b/a Lueking Coal Company, Whizco and Hi Tenn Coal, Inc., Debtor.

KENTUCKY CENTRAL INSURANCE COMPANY, Plaintiff,

v.

Donovan F. LUEKING, d/b/a Lueking Coal Co., Whizco and Hi Tenn Coal, Inc., Defendant.

Bankruptcy No. 3-85-00510.
Adv. No. 3-85-1277.

United States Bankruptcy Court, E.D. Tennessee.

March 11, 1986.

McCampbell & Young, Gary G. Spangler, Knoxville, Tenn., for plaintiff.

McCord, Cockrill & Weaver, P.C., John F. Weaver, Knoxville, Tenn., for defendant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

Defendant seeks dismissal of this adversary proceeding involving the dischargeability of an alleged debt arising from a "fine, penalty, or forfeiture payable to and for the benefit of a governmental unit...." 11 U.S.C. § 523(a)(7).[1] The motion to dismiss will be GRANTED.

### I

Plaintiff, Kentucky Central Insurance Company, filed its complaint on November 22, 1985, seeking to have an alleged claim determined nondischargeable under 11 U.S.C. § 523(a)(7), as well as judgment upon its claim. Defendant, on December 26, 1985, moved to dismiss on the grounds that plaintiff's complaint shows on its face that plaintiff is not a "governmental unit" as defined by 11 U.S.C. § 101(24), with any claim for a "fine, penalty, or forfeiture," which may be determined nondischargeable under 11 U.S.C. § 523(a)(7).

Plaintiff asserts it is a creditor of the debtor holding an unsecured claim in the amount of $46,500.00. According to the allegations in the complaint, plaintiff on March 19, 1984, issued a Reclamation of Land Bond in the amount of $93,000.00 on behalf of the debtor and in favor of the State of Tennessee Department of Conservation. On March 19, 1985, plaintiff ex-

tended this bond for a period of one year. On March 7, 1984, the debtor and the plaintiff executed a Collateral Assignment of Certificate of Deposit whereby the debtor assigned and transferred funds on deposit with the debtor at the Bank of Oak Ridge in the amount of $46,500.00, represented by Certificate of Deposit No. 21257 dated March 6, 1984, to be held by the plaintiff as collateral security for any indebtedness the debtor might incur to the plaintiff pursuant to the terms of the Land Reclamation Bond. On March 2, 1984, the debtor and the plaintiff entered into an Indemnity Agreement whereby the debtor agreed to pay the plaintiff the face amount of the bond upon the happening of certain contingencies. Among those contingencies is the failure of the debtor to follow the reclamation plan and schedule and the filing of a petition in bankruptcy by the debtor. Plaintiff avers that both of these contingencies have come to pass and give the plaintiff the present cause of action against the debtor. Given the insolvency of the debtor, plaintiff believes it will be called upon at some time by the State of Tennessee Department of Conservation to pay the bond penalty in the amount of $93,000.00. Since the plaintiff is secured in the amount of $46,500.00 it contends it has an unsecured claim in the amount of $46,500.00, excepted from discharge under 11 U.S.C. § 523(a)(7).

### II

11 U.S.C. § 101(24) provides as follows:

(24) "governmental unit" means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States, a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government;

. . . .

---

1. A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

    .      .      .      .      .

   (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the

benefit of a governmental unit, and is *not* compensation for actual pecuniary loss, other than a tax penalty—

    . . . .

The plain and unambiguous language of the statutes involved foreclose plaintiff from asserting a claim of nondischargeability upon which relief can be granted—plaintiff's debt is not a debt for a "fine, penalty, or forfeiture payable to and for the benefit of a governmental unit." See 2 *Collier on Bankruptcy*, ¶ 101.24 (15th ed. 1985). *In re Revere Copper and Brass, Inc.*, 32 B.R. 725, 727 (S.D.N.Y.1983).

The legislative history of 11 U.S.C. § 101(24) fully supports defendant's assertion that plaintiff is not a governmental unit:

> Department, agency, or instrumentality does not include an entity that owes its existence to State action such as the granting of a charter or a license but that has no other connection with a State or local government or the Federal Government. The relationship must be an *active one* in which the department, agency, or instrumentality is *actually carrying out some governmental function.*

H.R.Rep. No. 595, 95th Cong., 1st Sess. 311, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6268; S.Rep. No. 989, 95th Cong., 2d Sess. 24, *reprinted in* 1978 U.S. Code Cong. & Ad.News 5787, 5810 (emphasis added).

Plaintiff cites *Local Loan v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, (1934), and insists that the bankruptcy statute makes it clear that a penalty like the one at issue is not the same class of "oppressive indebtedness" from which bankruptcy is designed to afford relief. Plaintiff concludes that "The role played by the Plaintiff—a role indirectly created by law—is so essential to this statutory scheme [T.C.A. 59–8–201 et seq] (legal prerequisites for and the regulations with respect to surface mining operations in Tennessee) that it is tantamount to a government service." That argument involves a policy decision that must be directed to the Congress. As indicated earlier, the present statute requires a debt "for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit." By no stretch of the imagination can plaintiff be considered even remotely as a "governmental unit."

Defendant's motion to dismiss will be granted. Dismissal, of course, does not preclude plaintiff's assertion of rights, if any, under 11 U.S.C. § 502. (Allowance of claims or interests.)