In re Harriet RIMELL, Debtor.

Harriet RIMELL, Appellant,

v.

MARK TWAIN BANK and First Bank, Appellees.

In re Albert RIMELL, Debtor.

Albert RIMELL, Appellant,

v.

MARK TWAIN BANK and First Bank, Appellees.

Nos. 90–804–C(5), 90–805–C(2).

United States District Court, E.D. Missouri, E.D.

Nov. 15, 1990.

254

Bernhardt W. Klippel III, Wion, Klippel & Manion, Clayton, Mo., and David A. Warfield and Steven B. Higgins, St. Louis, Mo., for debtors.

Robert J. Blackwell, Clayton, Mo., for Trustee Mark A. Bertsch.

Gerald A. Rimell, Susman, Schermer, Rimell & Shifrin, Clayton, Mo.

Eugene Portman, Portman, Edwards, Cooper & Singer, Clayton, Mo.

Susan Corey Waters, Dubail Judge, St. Louis, Mo.

Robert H. Brownlee, Mark V. Bossi, Thompson & Mitchell, St. Louis, Mo.

David Rubin, Lewis, Rice & Fingersh, St. Louis, Mo.

## MEMORANDUM

LIMBAUGH, District Judge.

### I. *Introduction*

This matter is before the Court on appeal from orders for relief entered against Harriet Rimell and Albert Rimell by the United

States Bankruptcy Court for the Eastern District of Missouri. This Court has jurisdiction to hear this appeal under 28 U.S.C. § 1334. By motion of appellees, the Court consolidated for appeal the causes of Harriet Rimell and Albert Rimell.

## II. *Issues Presented*

The issues on appeal are 1) whether the debts allegedly owed to the petitioning creditors were subject to a bona fide dispute, disqualifying creditors from bringing an involuntary petition under 11 U.S.C. § 303; and, 2) whether the Bankruptcy Court properly determined that Harriet Rimell had fewer than twelve creditors, permitting only two creditors to bring an involuntary petition against her under 11 U.S.C. § 303(b)(2).

## III. *Standard of Review*

 This court must affirm the decision of the Bankruptcy Court if it is supported by law and the facts contained in the record. The Bankruptcy Court's findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the Bankruptcy Court to judge the credibility of the witnesses. *In re Martin,* 761 F.2d 472, 474 (8th Cir.1985). Under Bankruptcy Rule 8013, findings of fact are clearly erroneous when they are not supported by substantial evidence, contrary to the clear preponderance of the evidence, or based on an erroneous view of the law. *In re Cook,* 72 B.R. 976 (W.D.Mo.1987). Conclusions of law are subject to de novo review. *In re Martin,* 761 F.2d at 474.

## IV. *Procedural Posture*

On October 18, 1989, Mark Twain Bank and First Bank ("petitioning creditors") filed separate involuntary bankruptcy petitions against Harriet Rimell and Albert Rimell ("debtors"). This was one of a series of actions in which Mark Twain and First Bank, along with two other banks,

filed involuntary Chapter 7 petitions against Albert Rimell and Harriet Rimell. The Rimells, along with three others,[1] engaged in certain loan transactions for real estate speculation. The debtors claimed as an affirmative defense that the debts allegedly owed were subject to a bona fide dispute, disqualifying those creditors from bringing an involuntary petition against them under 11 U.S.C. § 303.

Harriet Rimell also claimed that she had twelve or more creditors, thus the Bankruptcy Court lacked subject matter jurisdiction under 11 U.S.C. § 303(b)(1) in that only two creditors joined the involuntary petition.[2] The Bankruptcy Court held a consolidated trial and entered its order for relief in both cases on February 5, 1990. Both debtors now appeal that judgment.

## V. *Bona Fide Dispute Issue*

### A. Facts

The Bankruptcy Court made the following findings of fact. The Creditors made fifteen separate loans to various entities with which the debtors are associated. Each of these loans was personally guaranteed by the debtor or their business associates. The debtors do not dispute the amounts due, the genuineness or the terms of the guarantees, or the effect of the terms. The debtors claim, however, that the loans are not yet due because each of the creditors agreed at the time of each loan transaction that, upon Mr. Rimell's request, they would extend the terms of the loan, lower the current rate of interest on the loan, or amend the loans to provide terms more favorable to the debtors. The debtors contend that the creditors promised, at the time of each initial loan transaction, that they would, if requested, continually extend the loan until the alleged debtors had sold the respective property which collateralized the loans.

The debtors offered no documentary evidence of these alleged agreements. They

---

**1.** The Bankruptcy Court consolidated for trial the cases of Harriet Rimell, Albert Rimell and the three others. Only the appeals of Harriet Rimell and Albert Rimell are before this Court.

**2.** Section 303(b)(1) requires three petitioning creditors. However, when there are fewer than twelve creditors, section 303(b)(2) would allow only two petitioning creditors.

claimed first that each of the loans officers made express oral agreements that the creditor would not call the loan if it came due before the property was sold. All loan officers taking part in the transactions denied ever entering into such agreements. The debtors failed to offer sufficient evidence to raise the controversy over contractual terms to the level of a bona fide dispute.

The Bankruptcy Court found that the parties never orally agreed to extend, modify, or alter the existing written terms of the loans. "[T]his Court concludes that because no agreement existed such as that asserted by the alleged Debtors, there could be no bona fide dispute over the terms of the 'agreement' ". *In re Rimell*, 111 B.R. 250, 258 (Bankr.E.D.Mo.1990).

The debtors also asserted that the agreements are evidenced by the parties' prior course of dealing. They contended that because the creditors refused to call prior loans as they became due, there was an extension of loan terms in this case also. The Bankruptcy Court found that each prior loan had differing and unique terms and was therefore a separate, independent agreement. It found that the prior loan transactions between the parties were not sufficient to constitute a "course of dealing." *In re Rimell*, 111 B.R. 250, 259 (Bankr.E.D.Mo.1990).

### B. Applicable law

■ Section 303(b)(1) of the Bankruptcy Code provides:

> (b) An involuntary case against a person is commenced by the filing with the Bankruptcy Court of a petition under Chapter 7 or 11 of this Title—
>
> (1) by three or more entities, each of which is either a holder of a claim against such person that is *not* contingent as to liability or *the subject of a bona fide dispute*, or an indenture trustee representing such a holder ...

11 U.S.C. § 303(b)(1) (emphasis added). If a bona fide dispute exists as to the debtor's

liability, § 303(b)(1) precludes the court from counting that creditor for purposes of the involuntary proceeding. The alleged debtors bear the burden of proving that a bona fide dispute exists. *In re Einhorn*, 59 B.R. 179, 185 (E.D.N.Y.1986).

■ The statute does not define "bona fide dispute." Bankruptcy courts have used various formulations of the standard. *See, e.g., In re Lough*, 57 B.R. 993 (Bkrtcy. E.D.Mich.1986); *In re Stroop*, 51 B.R. 210 (D.Colo.1985); *In re Johnston Hawks, Ltd.*, 49 B.R. 823 (Bkrtcy.D.Haw.1985). The Seventh Circuit surveyed the various approaches and determined that the standard employed by the court in *Lough* is the most compatible with Congressional intent. *Matter of Busick*, 831 F.2d 745, 749 (7th Cir.1987). *See also In re Garland Coal & Mining Co.*, 67 B.R. 514 (Bkrtcy.W.D.Ark. 1986) (adopting the *Lough* standard).

This Court also adopts the *Lough* standard, under which the bankruptcy court must determine whether there is an *objective basis* for either a factual or a legal dispute as to the validity of debt. *Busick*, 831 F.2d at 750.

### C. Conclusion

■ This Court finds that the Bankruptcy Court's findings of fact are not clearly erroneous. Thus, the Court holds that based on the applicable law that the claims creditors held against debtors were not subject to a bona fide dispute. Therefore, creditors are entitled to relief pursuant to Title 11, Chapter 7 of the Bankruptcy Code.

## VI. *Number of Creditors Issue*

### A. Facts

Ms. Rimell listed a total of twenty-two creditors. The Bankruptcy Court found that as of the date of filing Ms. Rimell owed debts to only eight creditors. The two petitioning creditors plus six others [3] held claims against her. In reaching this decision, the Bankruptcy Court excluded sixteen of the twenty-four listed creditors

---

**3.** Pioneer Bank & Trust Co. ("Pioneer") was one of creditors the Bankruptcy Court found had a claim against Ms. Rimell. Pioneer since has been added as a petitioning creditor.

because: 1) three did not hold claims against Ms. Rimell as of the filing date; 2) two were "insiders" of Ms. Rimell; and 3) eleven received unauthorized post-petition payment of their prepetition claims.

### B. Applicable law

■ Any creditor holding an unsecured claim that is not contingent may join in the petition after the filing but before the case is dismissed or relief is ordered. 11 U.S.C. § 303(c). The effect is the same as if such joining creditor were a petitioning creditor. The Bankruptcy Court found that Pioneer Bank & Trust Co. ("Pioneer") was a creditor holding a claim against Harriet Rimell. *In re Rimell*, 111 B.R. 250, 252 (Bankr.E. D.Mo.1990). After this case was appealed to this Court, Pioneer moved to join as a petitioning creditor under 11 U.S.C. § 303(c). Debtors did not oppose Pioneer's motion to join as a petitioning creditor and this Court granted that motion. *Order* at 2 (July 16, 1990).

### C. Conclusion

■ The effect of Pioneer's joinder as a petitioning creditor is to bring the number of petitioning creditors against Harriet Rimell to three. Therefore, the issue of whether Harriet Rimell had fewer than twelve creditors, permitting only two creditors to bring an involuntary petition against her is moot.

■ Additionally, this Court finds that the findings of the Bankruptcy Court were supported by the facts and the law. Thus, even if Pioneer had not joined as a petitioning creditor, the decision of the Bankruptcy Court would be affirmed.

Accordingly, for the foregoing reasons the Judgment and Order of the Bankruptcy in the above styled actions will be affirmed.