**In re The EASTERN COMPANY.**

**Bankruptcy No. 91–19403–WCH.**

United States Bankruptcy Court,
D. Massachusetts, E.D.

Feb. 6, 1992.

David C. Phalen, Kaye, Fialkow, Richmond & Rothstein, Boston, Mass., for debtor.

Dennis M. King, Goulston & Storrs, P.C., Boston, Mass., for Somerville Lumber.

## DECISION REGARDING MOTION FOR RECONSIDERATION

WILLIAM C. HILLMAN, Bankruptcy Judge.

The Eastern Company ("Eastern") asks this Court to reconsider its order of January 24, 1992 which granted the motion of Somerville Lumber ("Somerville") to join the involuntary petition. For the reasons set forth below, the Court denies the motion for reconsideration.

This Court has held that a motion for reconsideration carries a substantial burden. *In re Mortgage Investors Corp.*, No. 91–16020–WCH, February 3, 1992. Such a motion is appropriate if there is newly discovered evidence or the Court committed a manifest error of fact or law. *Id.* Eastern asserts that the Court made two errors of law.

Eastern first contends that the Court lacked the statutory authority to hear the motion for joinder because it was filed after the order for relief was entered.[1] Somerville responds that joinder is permissible after such relief is entered where there is a challenge to the qualifications of

---

1. 11 U.S.C. § 303(c) provides that an unsecured creditor may join an involuntary petition before the case is dismissed or relief is ordered.

a petitioner citing *In re Rimell,* 121 B.R. 253 (E.D.Mo.1990), *aff'd* 946 F.2d 1363 (8th Cir.1991).[2] Eastern counters that *Rimell* is inapplicable.

In *Rimell,* involuntary petitions were filed against Harriet Rimell and Albert Rimell and subsequently consolidated. Harriet Rimell, in addition to joining her husband's objection, argued that the petition filed against her was deficient with two creditors because she had more than twelve. *Rimell,* 946 F.2d at 1364. The bankruptcy court held that Ms. Rimell had only eight creditors and entered an order for relief. *In re Rimell,* 111 B.R. 250 (Bankr.E.D.Mo.1990).

Ms. Rimell appealed to the district court. Before entering a decision on the matter, the district court allowed the joinder of a petitioning creditor under § 303(c). The court found that the third creditor rendered the issue of the total number of creditors moot. *In re Rimell,* 121 B.R. 253 (E.D.Mo. 1990).

The United States Court of Appeals for the Eighth Circuit affirmed the finding of the district court. The court first set forth the requirements of § 303(c). It then stated that the request for joinder, which was filed between the entry of the order of relief and the decision of the district court, was timely. This Court follows the eighth circuit and finds that the motion for joinder in this case was also timely filed.

■ Eastern secondly argues that this Court was divested of jurisdiction over the involuntary petition because Eastern filed a notice of appeal. According to the statement of issues on appeal, Eastern is appealing this Court's rulings with respect to one of the petitioning creditors, Leggett & Platt. It did not seek a stay of the bankruptcy proceedings pending appeal.

The following is the general rule with respect to divestment of jurisdiction pending a matter on appeal:

'The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.' *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 [103 S.Ct. 400, 402, 74 L.Ed.2d 225] ... (1982) [additional citations omitted].

Similarly, the filing of a notice of appeal to a district court divests a bankruptcy court of jurisdiction to proceed with respect to matters raised by such appeal. *In re Wonder Corp. of America,* 81 B.R. 221 (Bankr.D.Conn.1988).

Based on this rule, this court was divested of jurisdiction over matters concerning Legatt & Platt. Since Eastern did not seek a stay pending appeal, this Court continues to have jurisdiction over all other matters concerning the case. *In re Borg,* 92 B.R. 475 (Bankr.D.Mont.1988). Accordingly, because the joinder did not involve Legatt & Platt, it was properly before this Court.

The Court finds that there was no commission of a manifest error of law. Accordingly, Eastern has not met the burden with respect to the motion for reconsideration. The motion is therefore denied.

So ordered.

---

2. In a subsequent memorandum, Somerville states that the case of *In re Crabtree,* 32 B.R. 840 (Bankr.E.D.Tenn.1983) also stands for this proposition. In that case, the creditor seeking joinder filed the motion before the court entered the order for relief. The motion was heard subsequent to the order at the request of the debtor.