In re George POPA, Debtor.

John ROUMELIOTIS, Plaintiff/Appellant,

v.

George POPA, Defendant/Appellee.

BAP No. 96–63.

United States Bankruptcy Appellate Panel
of the First Circuit.

Oct. 3, 1997.

Paul A. Gargano; Cambridge, MA, on brief for appellant.

Mark G. DeGiacomo, Boston, MA, on brief for appellee.

Before GOODMAN, LAMOUTTE and VAUGHN, Bankruptcy Judges.

LAMOUTTE, Bankruptcy Judge.

Appellant John Roumeliotis ("Roumeliotis") appeals from the judgment entered on October 31, 1996 granting appellee's George Popa's ("Popa") Motion to Reconsider and dismissing the adversary proceeding seeking a determination that Popa's debt was not dischargeable. For the reasons stated below, we affirm.

## JURISDICTION

Jurisdiction is conferred upon this bankruptcy appellate panel pursuant to 28 U.S.C. § 158(b)(1)(1994).

## STANDARD OF REVIEW

In reviewing an order granting a motion to dismiss the appellate court must accept all well-plead facts as true and draw all reasonable inferences in favor of the appellants. *Washington Legal Found. v. Massachusetts Bar Found.*, 993 F.2d 962, 971 (1st Cir.1993). Conclusions of law are subject to de novo review. *Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26, 30 (1st Cir. 1994). The trial court's decision on such a motion will be overturned only if the appellant establishes that the court committed a clear abuse of discretion. *Mackin v. City of Boston*, 969 F.2d 1273, 1279 (1st Cir.1992). An abuse of discretion occurs "when a relevant factor deserving of significant weight is overlooked, or when an improper factor is accorded significant weight, or when the court considers the appropriate mix of factors, but commits a palpable error of judgment in calibrating the decisional scales". *U.S. v. Roberts*, 978 F.2d 17, 21 (1st Cir. 1992); See also *Independent Oil and Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co.*, 864 F.2d 927, 929 (1st Cir.1988); *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1019 (1st Cir.1988); *United States v. Hastings*, 847 F.2d 920, 924 (1st Cir.), *cert. denied*, 488 U.S. 925, 109 S.Ct. 308, 102 L.Ed.2d 327 (1988).

## BACKGROUND—The Claim

Accepting appellant's well-plead facts as true, and drawing all reasonable inferences in his favor, the relevant facts are as follow:

Appellant John Roumeliotis worked as a service station attendant at Huntington Auto Service, operated by the Debtor, George Popa. On November 2, 1984, Roumeliotis was beaten while working the night shift, suffering multiple fractures to the skull, loss of his left eye, and severe burns over the surface of his back. Roumeliotis was hospitalized for seven weeks following the attack, underwent repeated reconstructive facial surgeries, and has been re-hospitalized on many occasions. He suffered facial disfigurement and is expected to require future surgeries.

On January 21, 1985, Roumeliotis filed a claim for worker's compensation with the Industrial Accident Board against his employer, Popa. The Board determined that Popa had not obtained worker's compensation insurance from a private insurer nor did he qualify as a self insurer. Roumeliotis' medical expenses were partially paid by the Commonwealth of Massachusetts. On February 1, 1985, Roumeliotis filed a suit against Popa in Middlesex Superior Court, C.A. No. 85–00634, alleging, among other claims, that Popa is strictly liable for failing to obtain workers' compensation insurance pursuant to M.G.L.A. c. 152, § 66 and 25A.

## PROCEDURAL HISTORY—The Bankruptcy Proceedings

Popa filed a Chapter 7 petition on May 3, 1996. On July 10, 1996, Roumeliotis filed an adversary proceeding seeking a determination on the dischargeability of his claim. On August 21, 1996, Popa filed a motion to dismiss. On September 17, 1996, Roumeliotis filed an opposition. The Bankruptcy Court heard oral arguments on September 19, 1996. At that time, counsel for Roumeliotis stated that he intended to pursue a non-dischargeability claim under § 523(a)(6) and (a)(7) based on Popa's failure to obtain worker's compensation insurance, which made him strictly liable under M.G.L.A. c. 152, § 25A. The court advised the parties that such a claim was not sufficient to state a non-dis-

chargeability claim. Counsel for Roumeliotis then asserted the claim also stemmed from Popa's failure to provide adequate security, and filed an amended complaint on September 25, 1996. Popa's motion to dismiss was denied and relief was granted to proceed to judgment in the state court action.

On October 7, 1996, Popa field a Motion to Reconsider Court's Order Denying Defendant's Motion to Dismiss And Granting Relief To Plaintiff, *sua sponte,* To Proceed To Judgment in State Court (hereinafter "Motion to Reconsider"). On October 24, 1996, Roumeliotis filed an opposition. On October 31, 1996, the bankruptcy judge granted George Popa's motion to reconsider, vacated his prior order and dismissed the adversary proceeding. This panel now addresses Roumeliotis' appeal of that decision.

### ARGUMENTS OF THE PARTIES

On appeal Roumeliotis argues that the bankruptcy judge abused his discretion granting Debtor's motion for reconsideration absent a manifest error of law or fact, or the presentation of new evidence. Second, Roumeliotis argues that Debtor's failure to obtain worker's compensation insurance or providing adequate security for employees working in a violent crime area was willful and malicious, making his debt non-dischargeable under 11 U.S.C. § 523(a)(6). Finally, Roumeliotis argues that because the Commonwealth of Massachusetts expended funds on Roumeliotis and is entitled to recovery, the debt should be determined non-dischargeable pursuant to 11 U.S.C. § 523(a)(7).

Debtor/Appellee responds that the order granting Debtor's motion to reconsider, vacating its prior order and dismissing the adversary proceeding was within the bankruptcy judge's discretion under Rule 60(b) of the Federal Rules of Civil Procedure, or alternatively under the broader discretion afforded for relief from interlocutory judgments. Second, that the failure to maintain workers' compensation insurance and the failure to provide adequate safety cannot be classified as willful and malicious acts that render a debt non-dischargeable under § 523(a)(6). Third, that the Bankruptcy Court was correct in dismissing the claims

under § 523(a)(7) since the claim asserted by Roumeliotis is not a fine, penalty or forfeiture payable to a governmental unit.

### DISCUSSION

For the following reasons, we conclude that the bankruptcy court did not abuse its discretion in granting George Popa's motion to reconsider and providing relief from judgment.

### 1. The Motion to Reconsider

■ Roumeliotis argues that a motion to reconsider under Rule 60(b) of the Federal Rules of Civil Procedure, made applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedure, allows a party to be relieved from an order only when newly discovered evidence is presented or when the Court committed a manifest error of fact or law.

■ When considering decisions under Rule 60(b), appellate courts ordinarily defer to the trial judge's more intimate knowledge of the case, acting only when there is an abuse of discretion. *Anderson v. Cryovac, Inc.,* 862 F.2d 910, 923 (1st Cir.1988); *United States v. Ayer,* 857 F.2d 881, 886 (1st Cir. 1988); *Rivera v. M/T Fossarina,* 840 F.2d 152, 156 (1st Cir.1988); *Pagan v. American Airlines, Inc.,* 534 F.2d 990, 993 (1st Cir. 1976). Reversal only occurs if it plainly appears that the court below committed a meaningful error in judgment. *In re San Juan Dupont Plaza Hotel Fire Litigation,* at 1019. The Federal Rules of Civil Procedure, F.R.Civ.P. 59, 60, clearly make it discretionary with the trial judge whether or not to alter or amend a judgment. *Pagan v. American Airlines, Inc.,* at 993. *Willens v. University of Massachusetts,* 570 F.2d 403, 406 (1st Cir.1978).

■ Rule 60(b) applies only to final judgments. See *Farr Man & Co. v. M/V Rozita,* 903 F.2d 871 (1st Cir.1990); *United States v. Baus,* 834 F.2d 1114 (1st Cir.1987); *Campos v. Puerto Rico Sun Oil Co.,* 536 F.2d 970, 972 (1st Cir.1976). An order which "does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the

merits" is considered interlocutory. *In re Merle's, Inc.*, 481 F.2d 1016 (9th Cir.1973). When Judge Hillman denied Popa's Motion to Dismiss, he only granted relief so that the parties may proceed to judgment in state court. Therefore, the order denying the motion to dismiss is an interlocutory order. See *Allen v. Old Nat'l Bank of Washington (In re Allen)*, 896 F.2d 416 (9th Cir.1990); *Promenade Nat'l Bank v. Phillips (In re Matter of Phillips)*, 844 F.2d 230 (5th Cir.1988), holding that a denial of a motion to dismiss is interlocutory.

■■■■ The Advisory Committee Note to the 1948 amendment of Rule 60(b) clarifies that relief from final judgments under Rule 60(b) is more difficult to obtain than relief from interlocutory judgments. ("Interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.") Fed. R.Civ.P. 60(b), Advisory Committee's Note. Interlocutory orders, including denial of motions to dismiss, remain open to reconsideration. *Perez–Ruiz v. Crespo–Guillen*, 25 F.3d 40 (1st Cir.1994). Motions for reconsideration before the entering of a final judgment rely "on the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires." *Dow Chemical, USA v. Consumer Product Safety Commission*, 464 F.Supp. 904, 906 (W.D.La.1979). See *John Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 90–91,42 S.Ct. 196, 199, 66 L.Ed. 475 (1922); *Campos v. Puerto Rico Sun Oil Co.*, 536 F.2d 970, 972 n. 6 (1st Cir.1976); *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir.1973); *Hodgson v. United Mine Workers of America*, 473 F.2d 118, 125–26 n. 38 (D.C.Cir.1972); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane Federal Practice and Procedure (Civil) § 2852 (1973). A judge has broad discretion when considering a motion to reconsider an order denying a motion to dismiss.

Judge Hillman based his decision on a review of the relevant law, stating:

I've reviewed the whole file now, based upon the motion to reconsider, and I will now reconsider. And having read the whole file, I find that you have two possible causes of action. I'll give you the benefit of the doubt that you have this failure to maintain a safe place as a cause of action. I don't think that even if you would establish that you'd have a non dischargeable debt—even if you were to get a judgment against Popa for not maintaining a safe premise, I don't think that's willful and malicious under the cases.

Further, I've done a little more research on the failure to maintain worker's compensation insurance. I am now more convinced than ever, having read *Hope v. Walker* in the 11th Circuit, 48 F.3d 1161, that failure to maintain Worker's Compensation insurance is not—is not a willful and malicious injury which makes it non-dischargeable.

Under these circumstances, I will reconsider my prior Order. I will vacate the prior order, and the Motion to Dismiss is granted.

Basing his reconsideration on a review of the law is well under the judge's discretion. In the present case, the court found it had previously erred when considering the applicable law. The court (Hillman, J.) in *In re Eastern Co.*, 136 B.R. 333 (Bankr.D.Mass. 1992) and *In re Goldman*, 182 B.R. 622 (Bankr.D.Mass.1995), stated that it is appropriate to reconsider if there is newly discovered evidence, but also if the Court committed a manifest error of fact or law. *Eastern* at 333, *Goldman* at 625. See also *Hodge v. Parke Davis & Co.*, 833 F.2d 6 (1st Cir.1987). Thus, the court did not abuse its discretion in reconsidering its prior order.

## 2. "Willful and malicious"

■■■■ Appellant argues that George Popa is strictly liable for his injuries as a result of having failed to obtain worker's compensation insurance or qualify as a self insurer and, consequently, his claim is non-dischargeable under 11 U.S.C. § 523(a)(6).[1]

---

1. § 523 Exceptions to discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does

The House Judiciary Committee's Report defined "willful" as "deliberate or intentional" and stated that "recklessness" was no longer the standard for "willfulness." H.R.Rep. No. 95–595, at 365 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 5963, 6320–21. See generally, Karen N. Fischer, *The Exception to Discharge for Willful and Malicious Injury: the Proper Standard for Malice*, 7 Bankr.Dev. J. 245 (1990). The First Circuit recently addressed the meaning of "willful and malicious" under § .523(a)(6) in *Printy v. Dean Witter Reynolds, Inc.*, 110 F.3d 853 (1st Cir.1997). In *Printy*, the court surveyed circuit courts' decisions, including *Hope v. Walker*, 48 F.3d 1161 (11th Cir.1995), the case which the court below relied. upon, which held that "an act in reckless disregard of the rights of others is insufficient to constitute willful and malicious conduct for purposes of 11 USC 523(a)(6)."

█ The First Circuit in *Printy* concluded that:

> The malice element of section 523(a)(6) requires an intent to cause the harm, and the fact that the injury was caused through negligence or recklessness does not satisfy that standard of proof. An injury inflicted willfully and with malice under section 523(a)(6) is one inflicted intentionally and deliberately, and either with the intent to cause the harm complained of, or in circumstances in which the harm was certain or almost certain to result from the debtor's act. *Printy* at 859.

The allegations in the Roumeliotis complaint do not fulfill the malice requirement as set forth in *Printy*. The amended complaint alleges that Popa's failure to provide worker's compensation makes him criminally liable under applicable Massachusetts law. However, the amended complaint fails to allege that Popa inflicted, or intended to inflict harm to Roumeliotis. Although the amended complaint alleges that Popa's "failure to obtain statutorily mandated insurance was done so in a willful and malicious manner" and that the debtor "should not be discharged from a debt that he will likely incur as a

result of willful and malicious failure to obtain workers' compensation insurance," it again fails to allege that Roumeliotis' injuries were a direct result of Popa's actions or lack thereof. The allegations in the amended complaint establish reckless disregard but fail to plead that plaintiff's harm was the direct result of Popa's intentional and deliberate actions.

█ An employer's failure to carry workers' compensation insurance is not be deemed "willful" or "malicious" as a matter of law. Therefore, an employer's responsibility to pay workers' compensation award does not come within the exception for discharge under 11 U.S.C. § 523(a)(6). In *Silva v. Frias (In re Frias)*, 153 B.R. 6 (Bankr.R.I. 1993), the court held that:

> Defendants were no doubt negligent, and may even have breached an express agreement in failing to provide workers' compensation insurance to their employees. However, the default by itself was not willful, since the omission per se did not cause the Plaintiff financial or physical injury. See *Aldridge v. Scott (In re Scott)*, 13 B.R. 25, 26–27 (Bankr.C.D.Ill.1981); *Denehy v. Zalowski (In re Zalowski)*, 107 B.R. 431, 434 (Bankr.D.Mass.1989); *Perkins v. Scharffe*, 817 F.2d 392, 394 (6th Cir.1987), cert. denied, 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 112 (1987). Failing to maintain insurance certainly created a risk that the employer might incur a personal financial liability, but that result was not so predestined that the Debtors' conduct may be deemed willful or malicious, as a matter of law. The fact that Silva was in fact injured on the job was not so inevitable that the failure to have insurance constituted a willful or malicious act.

Moreover, although the original complaint was amended in order to include Popa's failure to provide adequate security, the amended complaint does not elaborate the point any further. Stating that Roumeliotis' state court claims include a "failure to provide adequate safety at Huntington Auto Service"

---

not discharge an individual debtor from any debt—...

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity; ...

does not equate to an allegation that such a failure existed, nor that such a failure constituted the willful and malicious behavior required by 11 U.S.C. § 523(a)(6) to apply.

In light of the above, we find the court did not abuse its discretion in determining that Debtor's failure to provide worker's compensation insurance was willful and malicious as required by § 523(a)(6).

### 3. Section 523(a)(7)

 The Commonwealth of Massachusetts is listed as a creditor and may arguably be entitled to a potential judgment in its favor. Appellant argues that for this reason, the claim should be found to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(7). [2]

Section 523(a)(7) excepts the debtor from discharge when the debt is for "a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss". Even if the Commonwealth of Massachusetts is listed as a creditor, as asserted by Roumeliotis, the claim is not for a fine, penalty or forfeiture, but for compensation of pecuniary loss as a result of the state having to pay part of Mr. Roumeliotis' medical expenses. The section clearly states that the debt must not be in fulfillment of pecuniary loss.

 Moreover, the Commonwealth has not asserted a claim in this case nor a non dischargeability action against the Debtor. Roumeliotis is not a governmental unit and may not pursue an action under section § 523(a)(7) of the Bankruptcy Code. *Kentucky Central Insurance Co. v. Lueking (In re Lueking)* 58 B.R. 472 (Bankr.Tenn.1986). Thus, Roumeliotis lacks standing to pursue this cause of action on behalf of the Commonwealth.

Section 523(a)(7) is inapplicable to the case at bar. Therefore, dismissal of that count in Roumeliotis' Adversary Proceeding was appropriate.

---

2. § **523 Exceptions to discharge**
 (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—(...)
 (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensa-

## CONCLUSION

Accepting as true all facts presented by appellant Roumeliotis and drawing all reasonable inferences in his favor, the Roumeliotis complaint, as amended, fails to state a claim upon which relief can be granted. The amended complaint lacks allegations that would fulfill the "willful and malicious" requirement in 11 U.S.C. § 523(a)(6). Neither the failure to provide worker's compensation insurance nor the failure to provide adequate security to the premises can be classified as willful and malicious. There are no allegations in the complaint from which an inference can be made that Popa intended to cause the harm complained of. Moreover, a claim under 11 U.S.C. § 523(a)(7) does not lie both because the debt is not for a "fine, penalty, or forfeiture" and because Roumeliotis cannot make the claim in the government's behalf.

Accordingly, the judgment of the bankruptcy court is **AFFIRMED.**

---

tion for actual pecuniary loss, other than a tax penalty—
 (A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or
 (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition;