# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 05-6001 NE

_____

|  |  |  |
|---|---|---|
| In re: Mark Henry Foss, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Mark Henry Foss, | * | Appeal from the United States |
| | * | Bankruptcy Court for the District of |
| Plaintiff-Appellant, | * | Nebraska |
| | * | |
| v. | * | |
| | * | |
| Hall County Child Support Office, | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: May 9, 2005
Filed: May 31, 2005

_____

Before, DREHER, FEDERMAN, and VENTERS, Bankruptcy Judges.

_____

PER CURIAM.

Debtor, Mark Henry Foss, filed an adversary proceeding seeking a determination that his child support obligations were dischargeable. The bankruptcy court[1] granted a motion to dismiss, which had been filed by defendant, the Hall

_____

[1]The Honorable Timothy J. Mahoney, Chief Judge, United States Bankruptcy Court for the District of Nebraska.

County Child Support Office (Hall County). Mr. Foss appeals that dismissal. We affirm.

## FACTUAL BACKGROUND

Mr. Foss has been found to be the father of two children born of Paula Shultz. One child was born in 1991, and one child was born in 1999. The State of Nebraska has provided support to the children in the form of Aid to Dependent Children and Medicaid. The State brought suit against Mr. Foss to determine paternity and to establish the amount of support Mr. Foss must pay. On March 4, 2003, the District Court Child Support Referee entered Findings and Recommendations modifying previously-awarded child support, finding Mr. Foss was the father of the child born in 1999, determining the amount of medical expenses still owed, and holding Mr. Foss in contempt.[2] Mr. Foss took exception to these findings, and the matter is now pending before the District Court of Hall County, Nebraska.

On July 2, 2004, Mr. Foss filed a Chapter 7 bankruptcy petition, and on September 13, 2004, he filed an adversary proceeding. In his adversary proceeding he alleged that the State of Nebraska's child support guidelines fail to determine an economically-appropriate award, therefore, they violate federal law and the United States Constitution. He also alleged that awards made payable to child support enforcement agencies are dischargeable in bankruptcy. On September 30, 2004, Hall County filed a motion to dismiss. The county argued that Mr. Foss' claims are barred by the Rooker-Feldman Doctrine, that Mr. Foss failed to name all proper party defendants, that Mr. Foss failed to state a cause of action for which relief could be granted in federal court, and that these claims are for child support, and are, therefore, nondischargeable. On November 19, 2004, the court held a hearing. On January 18,

[2]Appellant's Appendix, pg. 36.

2

2005, the court entered an order granting Hall County's motion. Mr. Foss appeals that order.

## STANDARD OF REVIEW

A bankruptcy appellate panel shall not set aside findings of fact unless clearly erroneous, giving due regard to the opportunity of the bankruptcy court to judge the credibility of the witnesses.[3] We review the legal conclusions of the bankruptcy court *de novo.*[4] In reviewing an order granting a motion to dismiss we must accept all well-plead facts as true and draw all reasonable inferences in favor of the appellant.[5] We review conclusions of law *de novo.*[6]

## DISCUSSION

As a preliminary matter, Hall County requested an extension of time in which to file its brief because the attorney who represented Hall County in the bankruptcy court had resigned. Such brief was due on April 5, 2005. The newly-assigned attorney, through an inter-office routing error, did not receive the appellant's brief until March 31, 2005. Mr. Foss objected to Hall County's request for an extension of time. We

---

[3]*Gourley v. Usery (In re Usery),* 123 F.3d 1089, 1093 (8th Cir. 1997); *O'Neal v. Southwest Mo. Bank (In re Broadview Lumber Co., Inc.)*, 118 F.3d 1246, 1250 (8th Cir. 1997) (citing *First Nat'l Bank of Olathe, Kansas v. Pontow*, 111 F.3d 604, 609 (8th Cir.1997)). Fed. R. Bankr. P. 8013.

[4]*First Nat'l Bank of Olathe, Kansas v. Pontow (In re Pontow),* 111 F.3d 604, 609 (8th Cir. 1997); *Sholdan v. Dietz (In re Sholdan),* 108 F.3d 886, 888 (8th Cir. 1997).

[5]*Roumeliotis v. Popa (In re Popa)*, 214 B.R. 416, 418 (B.A.P. 1st Cir. 1997).

[6]*Rose v. U.S. Dept. of Ed., et al (In re Rose)*, 187 F.3d 926, 928 (8th Cir. 1999); *Popa*, 214 B.R. at 418.

overrule that objection and will, therefore, consider Hall County's brief, which was filed on April 20, 2005.

The bankruptcy court found that the Rooker-Feldman Doctrine prohibits lower federal courts from reviewing state court decisions. The Rooker-Feldman doctrine is a jurisdictional rule that applies to final judgments or orders, not to pending litigation in state courts.[7] While the District Court Child Support Referee entered Findings and Recommendations, the District Court had not entered an Order as to those Findings and Recommendations prior to July 2, 2004, when Mr. Foss filed this bankruptcy petition. Therefore, it would appear that the Rooker-Feldman Doctrine would not apply. However, the bankruptcy court also found that this matter should be dismissed because there is currently pending in the District Court of Hall County, Nebraska litigation with regard to each and every concern raised by Mr. Foss in this adversary proceeding. We concur that abstention is appropriate and we affirm on that basis.

Congress confers jurisdiction on the district courts by virtue of 28 U.S.C. § 1334:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.[8]

That jurisdiction is not, however, exclusive:

> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil

---

[7]*Goetzman v. Agribank (In re Goetzman)*, 91 F.3d 1173, 1177 (8th Cir. 1996).

[8]28 U.S.C. § 1334(a).

4

proceedings arising under title 11, or arising in or related to cases under title 11.[9]

The district courts are authorized to refer all civil proceedings arising under title 11, or arising in or related to cases under title 11, to the bankruptcy courts.[10] Congress, however, provided that the bankruptcy court, after the referral, could abstain from exercising its jurisdiction if either justice or comity required such abstention:

> (c)(1) Nothing is this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising in or related to cases under title 11.[11]

The issues presented here are either related to the bankruptcy case, or arise in the bankruptcy case. The bankruptcy court, therefore, had jurisdiction to decide the issues. But, the court, likewise, had discretion to abstain in the interest of comity with State courts or out of respect for state law.[12] "'Congress wisely chose a broad jurisdictional grant and a broad abstention doctrine over a narrower jurisdictional grant so that the district court could determine in each individual case whether hearing it would promote or impair efficient and fair adjudication of bankruptcy

---

[9]*Id.* at §1334(b).

[10]28 U.S.C. § 157(a). *See also Williams v. Citifinancial Mortgage Co. (In re Williams)*, 256 B.R. 885, 891 (B.A.P. 8th Cir. 2000) (where we discussed the framework of core, noncore, and related to proceedings).

[11]28 U.S.C. § 1334(c)(1).

[12]*Luker v. Reeves (In re Reeves)*, 65 F.3d 670, 675 (8th Cir. 1995).

cases.'"[13] Courts have established certain factors to provide guidance when considering abstention.[14] We have identified these factors to include the following:

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficult or unsettled nature of the applicable law;

(4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. S 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden [on] the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and

(12) the presence in the proceeding of nondebtor parties.[15]

The bankruptcy court correctly applied the relevant factors to the facts of this case and determined it should be dismissed. Mr. Foss filed this bankruptcy case to avoid

---

[13]*Id*. (quoting *In re Salem Mtg. Co.*, 783 F.2d 626, 635 (6th Cir. 1986)).

[14]*In re Chicago, Milwaukee, St. Paul & Pacific Railroad Co.*, 6 F.3d 1184, 1189 (1993).

[15]*Williams v. Citifinancial Mortgage Co. (In re Williams)*, 256 B.R. 885, 893 (B.A.P. 8th Cir. 2000). *See also, In re Phelps Technologies*, 238 B.R. 819, 821 (Bankr.W.D. Mo.1999); *Tarkio College v. Bower (In re Tarkio )* 137 B.R. 34, 36 (W.D. Mo.1992); *In re Tucson Estates, Inc.* 912 F.2d 1162, 1166 (9th Cir.1990); *In re Chicago, Milwaukee, St. Paul & Pacific Railroad* Co., 6 F.3d at 1189.

further garnishment of his wages related to the child support determination. Domestic issues related to paternity and child support are the exclusive province of state courts. The District Court Child Support Referee has already entered Findings and Recommendations, and Mr. Foss has taken exception to those recommendations. That matter is now pending before the District Court. A federal bankruptcy court would have no jurisdiction to consider either the constitutionality of state child support statutes or the dischargeability of that obligation absent the filing of a bankruptcy case. While Mr. Foss purportedly seeks a determination as to whether his child support obligation is dischargeable, he also seeks to challenge the constitutionality of the State of Nebraska's entire system for providing support and medical care to its children. Thus, the substance of his complaint is related to this state court procedure. The bankruptcy court could have severed this adversary proceeding and abstained as to the constitutionality of the state statutes. After the District Court made its ruling, and Mr. Foss had exhausted all of his administrative remedies and appeals, he could have returned to the bankruptcy court for a determination as to the dischargeability of any remaining child support obligation. Such a procedure is not judicially economic, however, when the District Court has concurrent jurisdiction to determine the dischargeability of such obligation under § 523(a)(18) of the Bankruptcy Code.[16] Finally, the bankruptcy court considered the fact that Ms. Shultz and the two children, as well as Hall County, are represented in the pending state court litigation. For all of these reasons, the bankruptcy court did not abuse its discretion when it dismissed this case so as to allow it to proceed in the District Court of Hall County, Nebraska. We, therefore, affirm the order of the bankruptcy court dismissing this adversary proceeding.

————————————

---

[16]11 U.S.C. § 523(a)(18); *Grogan v. Garner,* 498 U.S. 279, 284 n.10, 111 S. Ct. 654, 658 n.10, 112 L. Ed. 2d 755 (1991).