# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 06-6077WM

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Tanna LaTisha Suggs, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| | * | Appeal from the United States |
| Tanna LaTisha Suggs, | * | Bankruptcy Court for the |
| | * | Western District of Missouri |
| Plaintiff - Appellant. | * | |
| | * | |
| v. | * | |
| | * | |
| Regency Financial Corp., | * | |
| | * | |
| Defendant - Appellee. | * | |
| | * | |

Submitted: September 12, 2007
Filed: November 5, 2007

Before KRESSEL, Chief Judge, MAHONEY, and MCDONALD, Bankruptcy Judges.

MAHONEY, Bankruptcy Judge.

This is an appeal of two orders of the bankruptcy court which arose from an order granting relief from the automatic stay to creditor Regency Financial Corporation ("Regency"). The order granting relief has not been appealed. The debtor

filed an adversary proceeding against Regency alleging violation of the automatic stay. She appeals a text order filed October 6, 2006, memorializing an oral ruling granting Regency's motion to dismiss the adversary proceeding and denying the debtor's motion for summary judgment, and a memorandum opinion and order filed November 30, 2006, denying the debtor's motion for new trial or amendment of the October 6th order.

We reverse the decision of the bankruptcy court on the order dismissing the adversary proceeding.

## I. Procedural Background

Regency held a perfected first lien on the debtor's 1998 Ford Windstar van securing its purchase-money security interest in the vehicle. Debtor filed a Chapter 13 bankruptcy case in March 2005. Early in the case, Regency moved for adequate protection on the vehicle and specifically referred to the debtor's contractual obligation to maintain casualty insurance on the vehicle. That motion was denied. In the meantime, the debtor suspended her plan payments from April 16, 2005, through May 14, 2005. The debtor then obtained confirmation of a plan in May 2005. The plan called for weekly $202 payments to Regency, but the debtor was unable to make those payments as scheduled. In August 2005, the debtor moved to suspend the plan payments from May 14, 2005, through October 1, 2005. The motion was granted over Regency's objection. Regency, having received only one plan payment during the pendency of the case and knowing that the debtor's automobile insurance coverage was about to expire, then moved for relief from the automatic stay on October 6, 2005. That motion was denied.

In April 2006, aware that insurance coverage on the vehicle had lapsed and was not reinstated, Regency sent notice to the debtor that insurance coverage on the vehicle must be in place by a date certain or Regency would take steps to protect its

2

collateral. This was based on a local rule in the Western District of Missouri requiring debtors to maintain insurance coverage on vehicles serving as collateral and permitting secured creditors, prior to obtaining relief from the stay, to take possession of such vehicles pending presentation of proof of insurance.[1] After receiving no response, Regency sent a reminder letter to the debtor's attorney, setting a new deadline for providing proof of insurance. On May 2, 2006, Regency repossessed the vehicle due to the debtor's failure to provide proper insurance coverage. On May 3rd,

---

[1] United States Bankruptcy Court for the Western District of Missouri Local Rule of Practice 4070-1.D.:

> **D. Motor Vehicles.** For a motor vehicle retained by debtor and subject to a creditor's allowed secured claim (including a mobile home or trailer designed for or capable of travel on public roads) in addition to requirements stated in Paragraphs A, B and C, if debtor fails to provide proof of insurance or for any reason insurance terminates, debtor is enjoined from using the vehicle so long as it is uninsured and the following applies:
>   1. The secured creditor shall serve debtor, personally or by mail, at the address in the bankruptcy petition, and debtor's attorney, written notice of the lapse of insurance.
>   2. If debtor fails to provide the creditor proof of insurance within three business days after service of the notice in subsection (1), debtor shall surrender the vehicle or the secured creditor may take possession and hold it pending presentation of proof of insurance.
>   3. Within five days after taking possession of a vehicle pursuant to subsection (2), the creditor shall file a motion for lift of stay, with an affidavit stating compliance with this Rule. The Court may grant the creditor relief from § 362 without further hearing or notice.
>   4. Absent agreement between the debtor and the lienholder, the debtor shall prepay at least three months of insurance on the vehicle; the collision and comprehensive deductible shall not exceed five hundred dollars ($500); and the insurance policy shall name the lienholder as a loss payee.

3

Regency wrote to the debtor's attorney, informing him of the repossession and advising him that the vehicle could be returned to the debtor if she provided proof of three months of pre-paid insurance coverage, signed a stipulation agreeing to maintain the insurance or surrender the vehicle to Regency without further action, and paid the repossession and filing fees incurred by Regency. On May 4th, the debtor filed an adversary complaint seeking damages for Regency's violation of the automatic stay in repossessing the van.[2] On May 5th, Regency filed a motion for relief from the automatic stay pursuant to Local Rule 4070-1.D., setting out the reasons for the repossession and seeking an order permitting it to foreclose its security interest. The debtor objected, asserting, *inter alia*, that Regency violated 11 U.S.C. § 362(a), failed to comply with the terms of the local rule regarding submission of an affidavit in support of the relief motion, and, moreover, that the local rule is invalid because it conflicts with and is inconsistent with the Bankruptcy Code and Rules, particularly § 362(a) and Federal Rule of Bankruptcy Procedure 4001. After a hearing on June 5, 2006, the bankruptcy court granted Regency's motion for relief, via a text entry on the docket.[3] That order was not appealed.

In late June 2006, Regency filed a motion to dismiss the adversary proceeding, asserting that by granting the motion for relief, the bankruptcy court had created law

---

[2]Her causes of action also included conversion, negligence, and a civil rights violation. Each cause of action was predicated on Regency's alleged stay violation.

[3]The order, at Filing #69 in the bankruptcy case, is as follows:

Order of the Court Granting the Motion for Relief from Stay regarding 1998 Ford Windstar GL filed by Regency Financial Corporation. No attorneys' fees are awarded to Movant in this proceeding, without prejudice. So ORDERED by /s/ Arthur B. Federman. . . . .
. . .
This Notice of Electronic Filing is the Official ORDER for this entry. No document is attached.

of the case with regard to the debtor's allegations in the adversary complaint and the issue should not be subject to relitigation. The debtor responded with her own motion for summary judgment. The court held a hearing and ruled from the bench, subsequently entering a text order granting Regency's motion to dismiss and denying the debtor's motion for summary judgment. The debtor moved to reconsider, which was treated as motion to amend or for a new trial pursuant to Federal Rules of Civil Procedure 59(a), 59(e), and 60(b), which the court denied in an oral ruling. In that oral ruling, the court said there could be no violation of the automatic stay if Regency's action was authorized by the order granting Regency's motion for relief from the automatic stay. The court went on to explain that Regency would not have been entitled to relief from the stay unless it had complied with the local rule. The issue of compliance was necessarily ruled on when the court granted the motion for relief, the court said, and therefore, the issue was "actually litigated" and was not subject to collateral attack. Tr. of Oct. 10, 2006, 9:1-14. For the same reason, the debtor could not relitigate the issue of the validity of the local rule because the court necessarily overruled that claim when it granted the motion for relief. Id. 9:18-10:6.

The court thereafter filed a memorandum opinion and order denying the motion. The memorandum opinion clarifies the court's finding that collateral estoppel precluded the debtor's attempt to relitigate the constitutionality of and Regency's compliance with the local rule, because the order granting relief from stay "necessarily resolved those issues in Regency's favor." Mem. Op. at 4 (Appellant's App. at 145). This appeal followed.

## II. Standard of Review

The parties agree that no facts are in disputes here. The trial court's legal conclusions are reviewed de novo. Apex Oil Co. v. Sparks (In re Apex Oil Co.), 406 F.3d 538, 541 (8th Cir. 2005).

5

In reviewing de novo an order granting a motion to dismiss, the appellate court must accept all well-pled facts as true and draw all reasonable inferences in favor of the appellant. Weaver v. Clarke, 45 F.3d 1253, 1255 (8th Cir. 1995); Foss v. Hall County Child Support Office (In re Foss), 328 B.R. 780, 782 (B.A.P. 8th Cir. 2005). The bankruptcy court's application of collateral estoppel is reviewed de novo. Osborne v. Stage (In re Stage), 321 B.R. 486, 491 (B.A.P. 8th Cir. 2005).

A bankruptcy court's denial of a motion for new trial, or to alter or amend a judgment, is reviewed with deference and will not be reversed absent a clear abuse of discretion. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n.7 (1978); Guy v. Danzig (In re Danzig), 233 B.R. 85, 93 (B.A.P. 8th Cir. 1999). "An abuse of discretion occurs if the court bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." PW Enter., Inc. v. Kaler (In re Racing Servs., Inc.), 332 B.R. 581, 584 (B.A.P. 8th Cir. 2005).

Because the order denying the debtor's motion to alter or amend and the underlying order granting the motion to dismiss have both been appealed, our review of the merits of the dismissal order will be dispositive under the circumstances.

## III.  Discussion

As noted above, the merits of the order granting the motion for relief are not before us. The issue on appeal is whether the bankruptcy court properly dismissed the debtor's adversary proceeding on the basis of collateral estoppel. This decision will necessarily entail a ruling on the validity of the local rule because the bankruptcy court, in dismissing the adversary proceeding, determined that the relief order encompassed a finding that the local rule is valid. In the memorandum opinion on the motion to alter or amend, the court decided that issue again. Therefore, it forms the basis for the appeal and must be dealt with.

The debtor concedes that Regency was entitled to relief from stay for cause based on lack of adequate protection as a result of her failure to keep the vehicle insured. However, the debtor argued in opposition to the motion for relief that the only way Regency could have legally taken possession of the vehicle prior to obtaining stay relief is if the local rule is valid. She contends that the local rule is not valid, and that the judge dealing with the motion for relief from stay did not rule on that issue in the context of the motion for relief, yet a different judge dealing with the adversary proceeding used the relief ruling to collaterally estop her from pursuing the issue in the adversary proceeding. The judge dealing with the adversary proceeding held that the validity and legitimacy of the local rule were implicitly ruled on by the order granting Regency relief from the stay, although the judge did not address the merits of the debtor's arguments until ruling on her motion for new trial.

It is clear from the record that a stay violation did occur, and the violation was at no time addressed by the bankruptcy court. The violation occurred when Regency repossessed the vehicle before obtaining a court order authorizing it to do so. The debtor could have filed a motion for sanctions, at which point the court could have determined that a violation had occurred and the violation was willful but the violation was excused by operation of the local rule. However, no such determination was made.

The only stated basis for granting the relief from stay, according to the transcript of the hearing, was the debtor's failure to have three months' worth of prepaid insurance in place. After Regency's counsel explained to the bankruptcy judge the lack of insurance as the basis for the motion, the following exchange occurred between the judge and the debtor's attorney:

> [DEBTOR'S COUNSEL]: Well, Your Honor, my client pays for her insurance the way she uses it, one month at a time.
> . . .

THE COURT: Well, unfortunately the local rule doesn't allow your client to do that.

[DEBTOR'S COUNSEL]: Doggone that. She just believes she doesn't want to have money tied up in insurance.

THE COURT: I understand. She has much better uses for the money. She probably has it invested somewhere, right?

[DEBTOR'S COUNSEL]: Well, now she is using it for taxis.

THE COURT: Okay. I'll grant the motion for relief. Thank you. . . .

Tr. of June 5, 2006, at 3:10-23 (Appellant's App. at 122). The bankruptcy judge could and did grant relief for cause without validating the local rule. There was no discussion of or apparent ruling on the debtor's objections based on the validity of or Regency's compliance with the local rule, so the subsequent dismissal order was erroneously based on a finding which had not been made. For that reason, it should be reversed and remanded to the bankruptcy court for further consideration.

The broader scope of the appeal concerns the application of the doctrine of collateral estoppel. In ruling on Regency's motion to dismiss the adversary, the bankruptcy court based its decision on the proposition that Regency did not violate the automatic stay because its repossession of the vehicle was authorized by the court order granting relief. Regarding the debtor's assertion that Regency did not comply with the local rule because it did not file its affidavit in support of the motion *with* the motion as required by the local rule, the court found that the late filing of the affidavit not only was sufficient, but it also benefitted the debtor because the court scheduled a hearing on the motion, which it would not otherwise have done:

> [The debtor] argues that . . . Regency failed to comply with the local rule in that it did not file with the motion an affidavit establishing the facts asserted in the motion. However, Regency did file an affidavit supporting its motion prior to the hearing and before the entry of the order granting its motion. Had Regency filed the affidavit with the motion, it would, under the terms of the rule, ha[ve] been entitled to stay relief without hearing. As it was, debtor obtained the benefit of a court

8

hearing on the motion. Despite debtor's apparent contention to the contrary, relief was granted to Regency predicated solely upon its compliance with and debtors' failure to comply with Local Rule 4070[-]1[D.] In its motion, Regency focused solely upon the provisions of the rule as justification for the relief sought and did not request relief for other cause. In addition, the transcript of the hearing reveals that the only argument made, abbreviated as it was, centered on whether debtor had complied with the provision of the rule with the insurance she had obtained. Accordingly, had Regency not complied with the rule, it would not have been entitled to relief from stay. Debtor raised this very issue in her response. It was therefore necessarily overruled by the Court in granting the Motion for Relief from Stay.

Tr. of Oct. 10, 2006, 8:6-9:5.

The bankruptcy court held on this basis that the issue of Regency's compliance with the local rule had been actually litigated, was final, and was not subject to collateral attack. The bankruptcy court applied the same reasoning in rejecting the debtor's argument that the local rule is inconsistent with § 362(a). The court made the same findings regarding the effect of the relief order in its memorandum opinion on the motion to alter or amend.

By assuming that the bankruptcy judge who ruled on the motion for relief implicitly held that the local rule was valid, the judge who ruled on the debtor's motion to reconsider relied on what he considered the implicit rejection of the debtor's contentions regarding the stay violation and the rule's validity in using collateral estoppel to bar the debtor from going forward with her adversary proceeding.

That approach, however, gives too much weight to the underlying order for relief from stay. The stated cause for granting relief was the debtor's failure to have three months of insurance in place. The bankruptcy judge did not in any manner

9

address the debtor's affirmative defenses regarding the local rule and stay violation. Because it is unclear whether the debtor's arguments were in fact overruled by the order granting relief from the stay, collateral estoppel should not have been employed against her.

The collateral estoppel doctrine bars relitigation of a previously resolved factual issue in a subsequent proceeding. A prior finding is conclusive in all subsequent proceedings if it meets five requirements: (1) the party sought to be precluded was a party, or in privity with a party, to the previous proceeding; (2) the current issue is identical to that involved in the prior proceeding; (3) the issue was actually litigated; (4) the issue was determined by a valid and final judgment; and (5) the determination was essential to the judgment. Anderson v. Genuine Parts Co., Inc., 128 F.3d 1267, 1272-73 (8th Cir. 1997); Sells v. Porter (In re Porter), ___ B.R. ___, 2007 WL 2736541, at *2 (Sept. 21, 2007).

In the memorandum opinion on the debtor's motion to alter or amend, despite ruling that the debtor was estopped from litigating the local rule's validity, the court nevertheless addressed the merits of the debtor's argument in that regard and found that the local rule was not inconsistent with § 362 because the local rule authorizes creditors to obtain retroactive relief from the stay commensurate with § 362(d).

Whether a local bankruptcy rule is in conflict with a federal rule is a legal question subject to de novo review. McGowan v. Ries (In re McGowan), 226 B.R. 13, 16 (B.A.P. 8th Cir. 1998). The standard for evaluating the validity of a local rule was recently set out by the Eighth Circuit in United States v. Mink, 476 F.3d 558 (8th Cir. 2007) (finding a Nebraska rule of criminal procedure to exceed the scope of federal law):

> When assessing whether a local rule is valid, courts "have confined their analyses to four inquiries: whether the rule conflicts with

an Act of Congress; whether the rule conflicts with the rules of procedure promulgated by [the Supreme Court]; whether the rule is constitutionally infirm; and whether the subject matter governed by the rule is not within the power of a lower federal court to regulate." Frazier v. Heebe, 482 U.S. 641, 654, 107 S. Ct. 2607, 96 L. Ed. 2d 557 (1987).

Mink, 476 F.3d at 564.

The McGowan case specifically addressed the validity of a local bankruptcy rule, and the B.A.P. set out the following standard:

> As a general rule of law, any local rule of bankruptcy procedure that conflicts with a federal rule of bankruptcy procedure is invalid and of no effect. In re Falk, 96 B.R. 901, 903 (Bankr. D. Minn. 1989) (en banc). A local rule "may only be upheld if (a) it is consistent with the Bankruptcy Code in that it does not 'abridge, enlarge, or modify any substantive right,' as required by 28 U.S.C. § 2075 and (b) it is 'a matter of procedure not inconsistent with' the Bankruptcy Rules as required by Bankruptcy Rule 9029." Id. at 904. If a local rule fails either prong of the two-pronged test, it is invalid. Id. "Consistent is defined as 'coexisting and showing no noteworthy opposing, conflicting, inharmonious, or contradictory qualities or trends' or 'jointly assertable so as to be true or not contradictory.'" Id. at 905 (quoting Webster's [T]hird New International Dictionary 484 (1976)).

McGowan, 226 B.R. at 19.

Regency specifically did not request retroactive relief from or annulment of the stay, presumably because under the provisions of the local rule such relief would necessarily be retroactive.

The debtor argues that the local rule eases the restrictions on obtaining retroactive relief from stay in the face of case law that requires a showing of

"compelling circumstances" before retroactive relief may be granted. LaBarge v. Vierkant (In re Vierkant), 240 B.R. 317, 325 (B.A.P. 8th Cir. 1999) (citing Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 976 (1st Cir. 1997)). In Soares, the First Circuit Court of Appeals explained that the automatic stay is a fundamental protection for debtors and should be set aside only for good reason. "Undoing the stay retroactively should require a measurably greater showing." 107 F.3d at 977.

> [I]f congressional intent is to be honored and the integrity of the automatic stay preserved, retroactive relief should be the long-odds exception, not the general rule. In our view, only a strict standard will ensure the accomplishment of these objectives. . . . We conclude, therefore, that although courts possess a limited discretion to grant retroactive relief from the automatic stay, instances in which the exercise of that discretion is justified are likely to be few and far between.

Id. The circuit court went on to state that appropriate circumstances for such relief must be determined on a case-by-case basis. It gave two examples of "unusual and unusually compelling" facts which would likely support retroactive relief: a creditor's inadvertent violation of the stay and a debtor's bad faith. Id.

We agree with the debtor that Local Rule 4070-1.D. enlarges creditors' rights beyond the scope permitted by § 362 and Federal Rule 4001(a).[4] The practical effect

---

[4]The Bankruptcy Code, at 11 U.S.C. § 362(a), protects property of the debtor and of the bankruptcy estate from creditors' collection efforts:

> (a) . . . [A] petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of –
>     (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could
>                                                            (continued...)

(...continued)

> have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> . . .
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]

Federal Rule of Bankruptcy Procedure 4001(a) provides:

> (a) Relief from stay; prohibiting or conditioning the use, sale, or lease of property.
>
> (1) Motion. A motion for relief from an automatic stay provided by the Code or a motion to prohibit or condition the use, sale, or lease of property pursuant to § 363(e) shall be made in accordance with Rule 9014 . . . .
>
> (2) Ex parte relief. Relief from a stay under § 362(a) . . . may be granted without prior notice only if (A) it clearly appears from specific facts shown by affidavit or by a verified motion that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party or the attorney for the adverse party can be heard in opposition, and (B) the movant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons why notice should not be required. The party obtaining relief under this subdivision and § 362(f) or § 363(e) shall immediately give oral notice thereof to the trustee or debtor in possession and to the debtor and forthwith mail or otherwise transmit to such adverse party or parties a copy of the order granting relief. On two days notice to the party who obtained relief from the stay without notice or on shorter notice to that party as the court may prescribe, the adverse party may appear and move reinstatement of the stay . . . . In that

(continued...)

13

of this local rule is to permit a creditor to obtain property of the estate or of the debtor without permission from the court and without even filing a motion, in derogation of the limited ex parte relief allowed under Rule 4001(a). The local rule does not explicitly say compliance with the rule automatically grants relief, and it does require the filing of a motion to obtain a judge's order for relief, but the upshot is that the creditor can avail itself of instant self-help relief from the stay by taking possession of the collateral without filing a motion in advance or following the procedure for receiving ex parte relief.

The local rule therefore violates both prongs of the test set out in McGowan because its enlargement of creditors' rights is inconsistent with the Code and the Federal Rules. For this reason, we find the Western District of Missouri's Local Rule of Practice 4070-1.D. invalid.

## IV. Conclusion

The bankruptcy court's order granting Regency's motion to dismiss the adversary proceeding is reversed. The matter is remanded for further proceedings consistent with this opinion.

--------------------

--------------------

[4](...continued)
event, the court shall proceed expeditiously to hear and determine the motion.