# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 12-6029

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Herman Eugene Paulson, | * | |
| d/b/a Heartland Organic Foods, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| | * | |
| Herman Eugene Paulson, | * | |
| | * | |
| Debtor - Appellant. | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| v. | * | District of South Dakota |
| | * | |
| Dale A. Wein, | * | |
| | * | |
| Trustee - Appellee, | * | |
| | * | |
| People's State Bank; | * | |
| Sunflour Railroad, Inc., | * | |
| | * | |
| Creditors - Appellees. | * | |
| | * | |

_____

Submitted: September 7, 2012
Filed: September 20, 2012

_____

Before SCHERMER, FEDERMAN, and SALADINO, Bankruptcy Judges.

_____

SALADINO, Bankruptcy Judge.

The debtor, Herman Eugene Paulson, appeals from a March 16, 2012, order of the bankruptcy court[1] dismissing his Chapter 13 case and an April 24, 2012, order denying his motion for new trial. We have jurisdiction over this appeal from the final orders of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## I. Background

The debtor filed a voluntary petition for relief under Chapter 13 on August 22, 2011, apparently in furtherance of his efforts to defeat the claims of two creditors – People's State Bank and Sunflour Railroad. People's made certain loans to the debtor secured by various items of personal property. The debtor failed to pay the loans as agreed and People's commenced litigation against him, resulting in a judgment of foreclosure from the Circuit Court in Roberts County, South Dakota, dated December 10, 2009. The court specifically awarded a money judgment against the debtor and granted People's the right to possession of its collateral. The debtor did not appeal, although he did at some point seek a "writ of prohibition" from the South Dakota Supreme Court, which was denied. This bankruptcy filing came while People's was engaging in efforts to collect its judgment and obtain possession of its collateral.

Sunflour Railroad filed a proof of claim in the bankruptcy case for $24,623.36 plus post-judgment interest based on a state court judgment. Attached to Sunflour's proof of claim is a copy of the state court's Supplemental Judgment and Order in *Sunflour Railroad, Inc. v. Gene Paulson and Heartland Organic Foods, Inc.*, Civ. 01-138, Fifth Judicial Circuit for the State of South Dakota, Roberts County, for $19,280.00. The original judgment was entered in 2002 and the supplemental

---

[1] The Honorable Charles L. Nail, Jr., United States Bankruptcy Judge for the District of South Dakota.

judgment is dated November 12, 2008. The debtor did not appeal the original or supplemental judgment. The claim is secured as a judgment lien on debtor's property.

Not to be deterred by his lack of success in the judicial system, and in an effort to continue his challenge to the claims held by the bank and the railroad, the debtor convened a group of individuals to hear his cases against those creditors as an extrajudicial jury. He refers to this group as "the Peoples Seventh Amendment Jury."[2] The debtor appears to believe that his self-appointed jury convened outside of any state or federal judicial system somehow had the authority to void the final state court judgments held by the creditors because those judgments had purportedly been procured fraudulently. The "jury" also assessed punitive damages against the parties involved in the fraud.

Shortly after filing bankruptcy, the debtor filed a motion for declaratory judgment, apparently in an effort to declare the validity of the extrajudicial judgments issued by his self-appointed jury. The bankruptcy court promptly denied the motion and the debtor did not appeal. Instead, he commenced a series of adversary proceedings, including proceedings against People's and Sunflour. The bankruptcy court granted motions to dismiss both of those proceedings as attempted collateral attacks on final state court judgments.[3] Debtor sought reconsideration in each case,

---

[2]He relied on *United States v. Williams*, 504 U.S. 36 (1992), for authority to do so. The *Williams* case, however, deals only with grand juries and their power to investigate alleged criminal wrongdoing. The case does not stand for the proposition that people who believe they have been wronged can exercise self-help by trying their cases outside of the judicial system.

[3]The bankruptcy court explained that under the United States Supreme Court's *Rooker/Feldman* doctrine, it lacked subject matter jurisdiction over challenges to decisions made by state courts. The doctrine "precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or

(continued...)

but those were held in abeyance pending the bankruptcy court's decision on the motion to dismiss the bankruptcy case.[4]

During the course of the bankruptcy case, the debtor filed five proposed plans of reorganization. Some of the modified plans were filed before the objection deadline on the prior plan had run, in an apparent attempt to address concerns expressed in objections filed by the Chapter 13 trustee, the bank, and the railroad. Each time, the plans contained vague language about selling collateral to pay People's and language indicating Sunflour's claim was invalid and would not be paid. Those parties objected to the terms of the plans, arguing that the plans lacked detailed provisions concerning proposed payments, failed to account for certain secured creditors, were not feasible, and did not appear to be proposed in good faith. The Chapter 13 trustee also filed a motion to dismiss the case on the grounds that the debtor was unable to propose a confirmable plan, had not been making timely plan payments as required by the Bankruptcy Code, and was causing unreasonable delay. The court scheduled an evidentiary hearing on March 7, 2012, on the motion to dismiss and on the fourth plan filed by the debtor. The debtor filed his fifth plan the day before the hearing, rendering the confirmation hearing on the fourth plan moot.

None of the parties offered evidence or testimony at the hearing. After listening to oral arguments, the bankruptcy judge ruled from the bench, giving the debtor an opportunity to convert the case to a Chapter 7 or it would be dismissed. When the deadline passed with no conversion having been filed, the court dismissed the case

---

[3](...continued)
void its holding." Order of Mar. 5, 2012 (Fil. No. 48 in Adv. Proc. No. 11-1023) (quoting *Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.)*, 329 F.3d 948, 950 (8th Cir. 2003) and *Snider v. City of Excelsior Springs*, 154 F.3d 809, 811 (8th Cir. 1998)).

[4]The bankruptcy court has not yet ruled on the motions to reconsider.

under 11 U.S.C. § 1307. In his oral ruling, the bankruptcy judge expressed concerns about the debtor's (1) failure or refusal to properly provide for the secured claims of Sunflour and People's; (2) inability to make the proposed payments; (3) lack of detail as to the proposed liquidation of assets from which to make payments; (4) failure to devote disposable income to unsecured creditors; and (5) mythical disposable income, given that the debtor and his wife had been using an inheritance to cover their living expenses due to a shortfall in income.

The court found cause for dismissal under § 1307 due to unreasonable delay stemming from the debtor's inability to get a plan confirmed. The court placed the unreasonable delay element in context by noting that while the case had been on file only six months or so, five separate plans had been filed and the case was making no progress toward confirmation. Since no evidence was offered, the court declined to address the issue of good faith. However, the court explained that it found cause to grant the motion to dismiss for the reasons of "the inability to confirm a plan; the four attempts to confirm a plan; the delay; the absence of feasibility for a plan; [and] the need to recognize the secured claims that you have, which would only make a plan more complicated."[5]

In response to the judge's ruling, the debtor filed a motion for new trial or amendment of judgment, to which the Chapter 13 trustee, People's, and Sunflour objected. The court denied the motion via a detailed order methodically addressing the issues raised by the debtor's motion. The debtor subsequently appealed the dismissal of his case and the denial of the motion for new trial.

---

[5]Prior to dismissing the case, the court gave the debtor the opportunity to consider the benefits of a Chapter 7 proceeding and voluntarily convert the case. Debtor failed (or refused) to do so.

## II.  Standard of Review

A bankruptcy court's decision to dismiss a bankruptcy case for cause is reviewed for an abuse of discretion. *Villarreal v. Laughlin (In re Villarreal)*, 304 B.R. 882, 885 (B.A.P. 8th Cir. 2004). A bankruptcy court's denial of a motion for new trial, or to alter or amend a judgment, is reviewed with deference and will not be reversed absent a clear abuse of discretion. *Suggs v. Regency Fin'l Corp. (In re Suggs)*, 377 B.R. 198, 203 (B.A.P. 8th Cir. 2007); *Guy v. Danzig (In re Danzig)*, 233 B.R. 85, 93 (B.A.P. 8th Cir. 1999). "An abuse of discretion occurs if the court bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Suggs*, 377 B.R. at 203 (quoting *PW Enter., Inc. v. Kaler (In re Racing Servs., Inc.)*, 332 B.R. 581, 584 (B.A.P. 8th Cir. 2005)).

## III.  Discussion

Prior to discussing the merits of the appeal, two preliminary matters must be addressed. The debtor has filed an objection to the trustee's brief as being untimely and has filed a request to have an amicus brief filed by the Peoples Seventh Amendment Jury.

A.     Objection to Untimely Filing of the Appellee-Trustee's Brief.

The debtor wants the court to disregard the trustee's brief on the merits of the appeal because it allegedly was filed late. It wasn't. By court order, the debtor was given until July 18, 2012, to submit his brief. That order also set the due date for the appellee's brief 14 days from service of the debtor's brief. The debtor's brief was filed on July 18th, and it was served on July 20th, with the trustee's brief due on August 3rd. The trustee's brief was filed on the date it was due, so it was not untimely. The debtor's objection, construed as a motion to strike, is denied.

B.     Motion to File Amicus Brief.

A motion to file an amicus curiae brief on the appeal was filed by "the Peoples Seventh Amendment Jury." The entire focus of that "jury" is to collaterally attack the validity of the final state court judgments. When the debtor attempted to obtain a declaratory judgment from the bankruptcy court as to the validity of the judgments rendered by "the Peoples Seventh Amendment Jury," the court denied the motion, ruling that the debtor could seek a determination of the status of each of the contested debts after he filed his bankruptcy schedules. *See* Order of Sept. 2, 2011 (Fil. No. 18 in the underlying bankruptcy case). The debtor subsequently filed adversary proceedings concerning these debts, but the court dismissed them for lack of subject matter jurisdiction because the debtor was attempting to relitigate his liability on the debts. The bankruptcy court explained that it had no authority to set aside a state court decision.

The issues involved in those adversary proceedings (and in the proposed amicus brief) are simply not part of this appeal, which concerns only the dismissal of the Chapter 13 case and the denial of the motion for new trial. The proposed amicus brief has no bearing on the matters currently on appeal, so the motion for leave to file it is denied.

C.     Appeal.

The most contentious issues in this bankruptcy case involve two secured creditors under 11 U.S.C. § 506. Those creditors – the bank and the railroad – each hold pre-petition state court judgments against the debtor. The railroad filed a claim for $24,623.36 based on the judgment plus post-judgment interest. The claim is secured by a lien on the debtor's real estate. The bank filed a claim for $61,804.56 plus post-judgment interest. That claim is secured by a lien on a variety of personal property belonging to the debtor or his corporation, including vehicles, farm

7

equipment, accounts, inventory, and government payments. These two claims account for more than half of the total claims in the case. As the bankruptcy court noted, the debtor filed five plans in which he refused to acknowledge the secured claim of the railroad and disputed the bank's claim but offered to make a lump-sum payment directly to the bank if the bank was able to prove its claim. This payment would occur "as disposal of the assets of the estate allows." The provisions for liquidating assets and making payments were ambiguous and indefinite. Debtor was given the opportunity to correct these deficiencies, but failed or refused to do so in his amended plans.

Section 1307(c)[6] of the Bankruptcy Code permits the court, upon request by a party in interest or the United States trustee and after notice and a hearing, to dismiss

---

[6]That section provides in relevant part:

Sec. 1307. Conversion or dismissal

. . .

(c) [O]n request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including –
    (1) unreasonable delay by the debtor that is prejudicial to creditors;
    (2) nonpayment of any fees and charges required under chapter 123 of title 28;
    (3) failure to file a plan timely under section 1321 of this title;
    (4) failure to commence making timely payments under section 1326 of this title;
    (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan[.]

11 U.S.C. § 1307(c).

a case for cause. While "the filing of one unconfirmable plan, in and of itself, is [not] sufficient cause" to dismiss a case, *Minkes v. LaBarge (In re Minkes)*, 237 B.R. 476, 478 (B.A.P. 8th Cir. 1999), the bankruptcy court here made findings of cause under several of the categories of § 1307(c).

The court expressed great concern about the debtor's inability or refusal to propose a confirmable plan after several attempts and guidance from the court, which created delay and additional expense for other parties in the case. The issue underlying the court's findings of cause for dismissal due to unreasonable delay and denial of confirmation is the debtor's unwillingness to accept that the bank and the railroad are secured creditors. Until he could demonstrate that understanding by proposing to treat their secured claims as required by the Bankruptcy Code, the debtor could not obtain confirmation of a plan. Even if the debtor were to put together a plan that properly provided for these two secured claims, the bankruptcy court considered the debtor's ability to make payments, both to secured and unsecured creditors, and found it wanting. While the debtor proposed selling property to fund the plan, the court noted, first, that most of the property to be sold was the collateral of the secured creditors and, second, that much of the personal property to be sold had not been listed in the bankruptcy schedules and was not clearly identified in the plan. The debtor's continued failure to propose a plan that properly treated these two secured creditors resulted in unreasonable delay to the prejudice of all creditors. The court also took note of the debtor's lack of disposable income, which was part of the feasibility consideration. A plan must be feasible to be confirmed. § 1325(a)(6). Plans that propose payments using funds from unidentified and uncertain sources are scrutinized very carefully, and plans that are vague about the timing and means of payment are not confirmable. *In re Moffet*, 455 B.R. 718, 723 (Bankr. N.D. Iowa 2011); *Chelsea State Bank v. Wagner (In re Wagner)*, 259 B.R. 695, 700-01 (B.A.P. 8th Cir. 2001).

After weighing all of those factors, the court in its discretion determined that dismissal of the case was in the best interests of the creditors and the estate. Our review of the matter satisfies us that the bankruptcy court's findings were supported by the facts of the case. "If the bankruptcy court's conclusions supporting dismissal are supported by the facts, there is no abuse of discretion." *Tolbert v. Fink (In re Tolbert)*, 255 B.R. 214, 216 (B.A.P. 8th Cir. 2000).

The bankruptcy court's denial of the debtor's motion for new trial or amendment of judgment is also reviewed for an abuse of discretion. The motion was brought under Federal Rule of Civil Procedure 59, as incorporated into the bankruptcy realm by Federal Rule of Bankruptcy Procedure 9023. Such motions "serve a limited function" of "correct[ing] manifest errors of law or fact or . . . present[ing] newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.), *as amended*, 835 F.2d 710 (7th Cir. 1987)). They are "not intended to allow parties to introduce new evidence that was subject to discovery prior to trial, tender new theories, or raise arguments which could have been offered or raised prior to judgment[,]" but rather they afford relief "only in extraordinary circumstances." *Crystalin, L.L.C. v. Selma Prop., Inc. (In re Crystalin, L.L.C.)*, 293 B.R. 455, 465 (B.A.P. 8th Cir. 2003).

The debtor presented no newly discovered evidence, nor did he establish that the court had made a manifest error of law or fact. He simply reiterates his previous arguments and mischaracterizes the arguments made and discussions that occurred at the hearing. The bankruptcy court addressed each paragraph of the debtor's motion in detail and concluded there was no basis for granting it. That conclusion was not an abuse of discretion.

## IV. Conclusion

For the reasons set forth above, (i) the debtor's motion to strike the appellee's brief as untimely filed is denied; (ii) the motion to file an amicus curiae brief is denied; and (iii) the bankruptcy court's March 16, 2012, order dismissing the debtor's Chapter 13 case and the April 24, 2012, order denying the debtor's motion for new trial are both affirmed.

———————————————