# United States Bankruptcy Appellate Panel
### For the Eighth Circuit

_____

No. 16-6018

_____

In re: Herman Eugene Paulson, Eugene Paulson

*Debtor*

------------------------------

Herman Eugene Paulson

*Debtor - Appellant*

v.

Daniel McDermott

*U.S. Trustee - Appellee*

Sunflour Railroad, Inc.

*Creditor - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of South Dakota - Aberdeen

_____

Submitted:  October 6, 2016
Filed:  November 17, 2016

_____

Before FEDERMAN, Chief Judge, SCHERMER and SALADINO, Bankruptcy
Judges.

_____

FEDERMAN, Chief Judge

Debtor Herman Eugene Paulson appeals from an Order of the Bankruptcy Court[1] denying his motion to reinstate his dismissed Chapter 13 bankruptcy case and an Order denying his motion to reconsider that Order. For the reasons that follow, we affirm.

## FACTUAL BACKGROUND

This case stems from a long-running dispute between the Debtor and two of his creditors, People's State Bank and Sunflour Railroad, Inc. The details of that dispute have been recounted in numerous decisions from the South Dakota state courts, the South Dakota Bankruptcy Court, this Bankruptcy Appellate Panel, and the Eighth Circuit Court of Appeals,[2] and need not be repeated in detail here.

To summarize, however, People's State Bank and Sunflour Railroad each have state court judgments against the Debtor. Sunflour's judgment relates to a dispute over the Debtor's grain elevator which encroached on a railroad right of way: When the Debtor refused Sunflour's demand that he remove the grain elevator from its property, Sunflour sued him in state court. That lawsuit resulted in a money

---

[1] The Honorable Charles L. Nail, Jr., United States Bankruptcy Judge for the District of South Dakota.

[2] *See*, *e.g.*, *In re Paulson*, 477 B.R. 740 (B.A.P. 8th Cir. 2012), aff'd 524 Fed. Appx. 306 (8th Cir. 2013); *In re Paulson*, 2016 WL 3050095 (Bankr. D. S.D. May 20, 2016) (slip copy); *Paulson v. Peoples State Bank* (*In re Paulson*), 2012 WL 709848 (Bankr. D. S.D. March 5, 2012) (slip copy); *Paulson v. Sunflour R.R., Inc.* (*In re Paulson*), 2012 WL 761260 (Bankr. D. S.D. March 7, 2012) (slip copy); *Sunflour R.R., Inc. v. Paulson*, 670 N.W.2d 518 (S.D. 2003).

judgment in favor of Sunflour the amount of $19,280, which became a lien on the Debtor's property.[3] The South Dakota Supreme Court has affirmed this judgment.[4]

The Debtor's debt to People's Bank stems from a loan which was secured by the Debtor's personal property. When the Debtor defaulted on the loan, People's obtained a state court judgment in the amount of about $60,000, as well as possession of the collateral. The Debtor did not appeal this judgment, but instead filed a "writ of prohibition" from the South Dakota Supreme Court, which was denied.

After the Debtor's attempts to challenge the judgments in the state courts proved unsuccessful, he convened a group of individuals which he refers to as "the Peoples Seventh Amendment Jury." The "jury" purported to void the judgments against the Debtor as being fraudulently obtained and also assessed punitive damages against the parties involved in the alleged fraud. In 2013, the Debtor filed the Peoples Seventh Amendment Jury's judgment and other documents containing the heading of "Our One Supreme Court" in the South Dakota state court. The filing of these documents resulted in the Debtor being convicted of the crime of accusing a state court judge of treason and threatening the judge with death. That conviction was affirmed by the South Dakota Supreme Court.[5]

---

[3] *See* S.D. Codified Laws § 15-16-7 (2016) ("When a judgment has been docketed with a clerk of the circuit court, it shall be a lien on all the real property, except the homestead, in the county where the same is so docketed, of every person against whom any such judgment shall be rendered . . . .").

[4] The original judgment entered in 2002, which was in the amount of $9,000, plus interest, was affirmed on appeal. *See Sunflour R.R., Inc. v. Paulson*, 670 N.W.2d 518 (S.D. 2003). Subsequently, Sunflour obtained a Supplemental Judgment, in which the state court added costs to the judgment amount, resulting in a judgment of $19,280. It is not clear from the record whether the Debtor appealed from the supplemental judgment.

[5] *State v. Paulson*, 861 N.W.2d 504 (S.D. 2015).

Meanwhile, as People's Bank was attempting to collect its judgment and obtain possession of its collateral, and apparently around the time the Debtor was convening the private jury, the Debtor filed his first Chapter 13 bankruptcy petition on August 22, 2011. Three things relevant to this appeal occurred in that first bankruptcy case:

One, the Debtor filed several pleadings and initiated adversary proceedings seeking the Bankruptcy Court's determination that, *inter alia*, the state court judgments obtained by Sunflour and People's Bank were void based on fraud, and that the decision of the Peoples Seventh Amendment Jury was valid. Those attempts failed when the Bankruptcy Court held that, under the *Rooker-Feldman* doctrine, it lacked the authority to invalidate the state court judgments.[6]

Two, the Debtor made five attempts at filing a Chapter 13 plan, each of which drew objections from People's Bank and Sunflour on the grounds that they contained only vague language about selling collateral to pay People's claim, and language indicating Sunflour's claim was invalid and would not be paid. The creditors also asserted that the plans lacked detailed provisions regarding payments, failed to properly account for them as secured creditors, were not feasible, and were not proposed in good faith. None of the proposed plans was confirmed.

And, finally, after the Bankruptcy Court denied confirmation of the Debtor's third proposed plan, the Chapter 13 Trustee filed a motion to dismiss the case.[7] On March 16, 2012, the Bankruptcy Court granted that motion for many reasons, including that the Debtor continued to refuse to properly provide for the payment of

---

[6] The *Rooker-Feldman* doctrine "precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its holding." *In re Paulson*, 477 B.R. at 743 n. 3 (citations omitted).

[7] The Debtor filed his fourth and fifth proposed plans while the Motion to Dismiss was pending.

Sunflour's and People's secured claims, resulting in unreasonable delay.[8] After the Court denied the Debtor's motion for new trial or amendment of judgment, he appealed to this panel, which affirmed,[9] and then to the Eighth Circuit Court of Appeals, which affirmed by a decision filed on August 5, 2013.[10]

The Debtor then filed this Chapter 13 bankruptcy case on September 28, 2015.

On March 1, 2016, the Debtor filed an adversary proceeding against more than twenty defendants, including Sunflour and its principals and attorneys, again attacking the validity of the state court judgments. In addition to the arguments which had previously been rejected by the courts, he also now asserts that ConAgra and the political and judicial leaders of South Dakota have conspired to destroy his livelihood as an organic farmer and take over the food industry.

Meanwhile, the Debtor filed two proposed Chapter 13 plans in this case, both of which continue to turn on his claim that People's and Sunflour's liens are not valid. As before, Sunflour and People's Bank objected to confirmation of each of the proposed plans.

After the Bankruptcy Court denied confirmation of the second plan, the United States Trustee (the "UST") filed a motion, on March 30, 2016, to dismiss the bankruptcy case. Sunflour filed a joinder of that motion on April 25, 2016. In essence, the UST's motion asserted that the plans in the current case were substantially similar to the ones rejected in the first case, and were simply continued attempts to retry or void the state court judgments, which the courts have repeatedly said the Bankruptcy Court lacks the authority to do. The UST asserted that the

---

[8] *Paulson v. Sunflour R.R., Inc.*, 2012 WL 761260 (Bankr. D. S.D. March 7, 2012).

[9] *In re Paulson*, 477 B.R. 740.

[10] *In re Paulson*, 524 Fed. Appx. 306 (8th Cir. 2013) (Mem).

"failure to propose a plan that bears any semblance of conforming to the Court's concerns creates an unjustifiable and unreasonable delay prejudicial to creditors," amounting to cause for dismissal pursuant to § 1307(c)(1) of the Bankruptcy Code. He also asserted that the case should be dismissed for bad faith.

The deadline to respond to that motion to dismiss was April 25, 2016, and the Debtor failed to respond by that date. Therefore, the Bankruptcy Court entered an order on April 26, 2016 granting the UST's motion and dismissing the case (the "Dismissal Order"). On April 29, 2016, after the Dismissal Order had been entered, the Debtor filed an objection to the UST's motion to dismiss. He also filed a motion to reinstate the case on May 4, 2016. The UST and Sunflour objected.

On May 20, 2016, the Bankruptcy Court entered an Order denying the Debtor's motion to reinstate the case. On June 2, 2016, the Debtor filed a motion to reconsider the denial of the motion to reinstate. The Bankruptcy Court denied that motion on June 7, 2016.

On June 21, 2016, the Debtor filed a Notice of Appeal of the May 20 Order Denying Reinstatement and the June 7 Order Denying Reconsideration.

## ISSUES ON APPEAL

This appeal is untimely as it relates to the April 26, 2016 Dismissal Order; rather, as the UST suggests, our review is limited to the Bankruptcy Court's Orders denying the motion to reinstate and denying the motion to reconsider.

Federal Rule of Bankruptcy Procedure 8002(a)(1) provides that, generally, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."[11] However, certain motions, if

_____

[11] Fed. R. Bankr. P. 8002(a)(1). *See also* 28 U.S.C. § 158(c)(2) (providing that the time provided in Rule 8002 applies to appeals taken from bankruptcy courts to the Bankruptcy Appellate Panel).

timely filed, toll the time to appeal, such that the time for appeal will begin running from the entry of the order disposing of such motions.[12]  These include motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e)[13] and motions for relief under Federal Rule of Civil Procedure 60(b),[14] if filed within 14 days from the order from which relief is sought.[15]

Here, the Dismissal Order – which was a final, appealable order[16] – was entered on April 26, 2016.  Absent the filing of a tolling motion, the deadline to file an appeal that Order was May 11, 2016.

Instead of filing a notice of appeal of that Order, the Debtor filed the motion to reinstate on May 4, 2016, which the Court analyzed under Rule 60(b)(1), discussed below.  The Court denied the motion to reinstate on May 20, 2016.

When a party files a "motion for reconsideration," such as the Debtor's motion to reinstate, the time to appeal the merits of the original order complained of – here the Dismissal Order – begins to run again when the court disposes of that motion.[17]

---

[12] Fed. R. Bankr. P. 8002(b)(1); *Barger v. Hayes Cty. Non-Stock Co-Op* (*In re Barger*), 219 B.R. 238, 243 (B.A.P. 8th Cir. 1998).

[13] Fed. R. Civ. P. 59, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9023.

[14] Fed. R. Civ. P. 60, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9024.

[15] Fed. R. Bankr. P. 8002(b)(1)(B) and (D).

[16] *See*, *e.g.*, *In re Paulson*, 477 B.R. at 742 (reviewing dismissal order as a final order).

[17] *See Hanson v. Sabala* (*In re Sabala*), 334 B.R. 638, 641 (B.A.P. 8th Cir. 2005) ("According to Rule 8002(b), the time period for appeal runs from the entry of the order disposing of the last outstanding motion which has a tolling effect.").

Since the Order denying the motion to reinstate was entered on May 20, the deadline to file an appeal relating back to the Dismissal Order was June 3, 2016. The Debtor did not file a notice of appeal by that deadline. Instead, the Debtor filed, on June 2, a motion to reconsider the Order denying his motion to reinstate the case.

The Eighth Circuit has held that a second motion for relief from judgment or for reconsideration does not toll the appeal period for a second time.[18]

> [A second] motion to vacate, whether treated as a Rule 60(b) or a Rule 59(e) motion, even though filed within ten days of an order denying a prior motion to alter or amend, preserves for appeal, at most, only the orders denying the motions to alter or vacate. It does not preserve for review the merits of the underlying order which was challenged in the first motion.[19]

Therefore, as the UST asserts, the Debtor's June 2 motion for reconsideration – which was a second motion for relief under Rule 59 or 60 – did not toll the time to appeal the Dismissal Order. Therefore, the filing of the June 2 motion for reconsideration preserved only the right to challenge the Orders denying the motion to reinstate and the motion for reconsideration of the Order denying the motion to reinstate; it did not preserve an appeal of the Dismissal Order itself. Our review, therefore, is limited to the Orders denying the motion to reinstate and motion to reconsider.

---

[18] *Stark v. Lambert*, 750 F.2d 45, 47 (8th Cir. 1984) ("[A] motion to reconsider a motion for a new trial is not *itself* a motion for a new trial, and is therefore insufficient to toll the running of the time period in which to file a notice of appeal.") (citation omitted; emphasis in original). *See also In re Barger*, 219 B.R. at 240 (holding that a successive Rule 59 or Rule 60 motion does not toll the period for appealing the underlying order).

[19] *In re Barger* at 242-43.

## STANDARD OF REVIEW

We review a bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*.[20] "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[21] Rule 60(b) motions are within the discretion of the trial court, and we will reverse the denial of a Rule 60(b) motion only when the court has clearly abused its discretion.[22] An abuse of discretion will only be found if the lower court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions.[23]

## DISCUSSION

Because the Debtor had not responded to the UST's motion to dismiss before the dismissal Order was entered, the Bankruptcy Court treated the motion to reinstate as one filed under Rule 55(c), which provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."[24] Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

---

[20] Fed. R. Bankr. P. 8013; *In re Barger*, 219 B.R. at 243.

[21] *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (*quoting United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).

[22] *Id.*

[23] *Id.*

[24] Fed. R. Civ. P. 55(c), made applicable here by Fed. R. Bankr. P. 7055.

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.[25]

The Debtor asserted in his motion to reinstate that his failure to timely respond to the motion to dismiss was that he was being flooded with motions in the pending adversary proceeding and that he had not fully understood that a response deadline as to the motion to dismiss had been set. As a result, the Court properly analyzed the motion under Rule 60(b)(1) for excusable neglect.

> The determination as to whether neglect is excusable is an equitable one, taking into account all relevant circumstances surrounding the party's omission. However, relief under Rule 60(b) is an extraordinary remedy. Factors to consider in this determination include (1) the danger of prejudice to the [non-moving party]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.[26]

The burden under a Rule 60(b) motion is difficult because the rule "provides for extraordinary relief which may be granted only upon an adequate showing of

---

[25] Fed. R. Civ. P. 60(b)(1).

[26] *In re President Casinos, Inc.*, 397 B.R. 468, 473 (B.A. P. 8th Cir. 2008) (citing *Pioneer Investment Servs. Co. v. Brunswick Assoc. L.P.*, 507 U.S. 380, 381, 113 S.Ct. 1489, 1490-91, 123 L.Ed.2d 74 (1993); additional citations omitted).

exceptional circumstances."[27] The Eighth Circuit has held that the excuse given for the late filing should be given the greatest import of these factors.[28]

The Debtor suggests here that his response was in fact timely, if one considers the mailing rules applicable to *pro se* litigants. He also asserts that his responding to the motion to dismiss "one day" after the deadline was excusable under the circumstances. He also suggests that he was deprived of proper notice and opportunity to respond to the motion to dismiss.

On a motion to dismiss a Chapter 13 case for cause under § 1307(c), the notice need only be "reasonable,"[29] which the 21-day response time given by the Bankruptcy Court in this instance was. In addition, the 21-day response period after the March 30 filing would have resulted in a deadline of Wednesday, April 20. Therefore, contrary to the Debtor's assertion, the April 25 deadline did account for the three additional days required under Rule 9006(f) for persons being notified via U.S. Mail. Moreover, the Monday, April 25 deadline also accounted for the fact that the twenty-fourth day fell on a Saturday under Rule 9001(a)(6)(C). Further, Sunflour's joinder in the UST's motion, which was filed on the April 25 response deadline, did not adversely affect the Debtor's ability to respond to the UST's motion, nor did the Bankruptcy Court base its dismissal on the joinder. The Debtor

---

[27] *Sanders v. Clemco Indus.*, 862 F.2d 161, 169 n. 14 (8th Cir. 1988) (citation omitted).

[28] *See Lowry v. McDonald Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000), *cert. denied*, 121 S.Ct. 309 (2000).

[29] Fed. R. Bankr. P. 1017(f)(1) ("Rule 9014 governs a proceeding to dismiss or suspend a case . . . .except under §§ 706(a), 1112(a), 1208(a) or (b), or 1307(a) or (b)); Fed. R. Bankr. P. 9014(a) ("In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.").

was not denied any notice or procedural rights, and his April 29 response was untimely.

But more importantly, this case does not turn on the Debtor's failure to timely file a response in any event. As the Bankruptcy Court said, in addition to *Pioneer*'s reason-for and prejudice-from delay factors enumerated above, a court considering a Rule 60(b)(1) motion must also consider whether the party seeking relief has a meritorious defense to present, if the defense was allowed to be presented late.[30]

Thus, even though our review is limited to the Orders denying the motions to reinstate and for reconsideration, the linchpin of those decisions was that the Debtor has no meritorious defense to the UST's motion to dismiss and so the reason for the dismissal itself does require discussion.

In sum, the Bankruptcy Court found that the Debtor's present case is merely a rehash of the very same arguments which have already been repeatedly rejected by the courts, namely, that the state court judgments are void. The record amply supports this finding.

As we said in the Debtor's appeal of the dismissal of his prior case: "The issue underlying the court's findings of cause for dismissal due to unreasonable delay and denial of confirmation *is the debtor's unwillingness to accept that the bank and the railroad are secured creditors*."[31] The unwillingness continues, even in his arguments in this appeal. As a result, and because the Debtor has made no attempt to correct the significant impediments to getting a plan confirmed, the Court did not err in refusing to reinstate the Debtor's case.

---

[30] *Union Pac. R.R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 783 (8th Cir. 2001) (citations omitted).

[31] *In re Paulson*, 477 B.R. at 745-46 (emphasis added).

## CONCLUSION

Because the Bankruptcy Court did not clearly err in concluding that the Debtor had no meritorious defense to the UST's Motion to Dismiss, the Bankruptcy Court's Orders denying the Debtor's motion to reinstate the dismissed case and denying his motion to reconsider are AFFIRMED.

_____